Felderman, Trustee, et al., Appellants, *v.* Inter-Southern Life Insurance Company.

Argued January 20, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Arthur S. Arnold,* with him *Harry Norman Ball,* for appellants.

*John G. Kaufman,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1937:

This is an action of assumpsit upon a life insurance policy in which the sole question raised is whether the policy was in force at the death of the insured on November 9, 1930. The court below determined that it was not and accordingly entered judgment for defendant.

The policy had lapsed for nonpayment of premiums on September 15, 1930, after it had been in force for three years. There was an outstanding loan against the policy of $107 which had been made by the company in July of 1930.

The policy states: "This insurance, for the first year, is preliminary term insurance, purchased by the whole or part of the premium to be received during the first policy year and in consideration of the premium therefor, this insurance shall be continued as a whole life policy, by the payment of future premiums as herein provided."

Under the heading, "Option on Surrender or Lapse," it is provided: "If there be any indebtedness to the company, provided the policy shall have been in force for two full years, such indebtedness shall be deducted from the amount that would otherwise be available as a cash value, and the insured may, upon written request, have the remainder applied (a) to extend the insurance, without the right to loans for the full amount of the policy, less the indebtedness; or, (b) to procure a reduced amount of paid-up insurance payable at the death of the

insured; or, (c) receive such remainder as a cash value." It was further provided that, "If the insured shall fail to pay any premiums when due, or within the period of grace, and shall not have exercised any of the foregoing options, the Company, subject to the other conditions of the policy, shall grant the extended insurance hereinbefore provided." The insured never exercised any of the options available to him.

The policy in suit had a face value of $2,500. Under the schedule of cash values in the policy, the insurance at the time it lapsed had a cash value of $107.50. Deducting the loan of $107, the cash value would admittedly be insufficient to carry the policy until the date of death. The actuaries agreed that if the policy was in fact a one year term policy and thereafter an ordinary life policy, the cash value named in the schedule is correct according to the accepted method of computing reserves, no reserve being set up for the first year.

The appellants take the position that they are not bound by the cash value stated in the policy or by the quoted terms thereof, and contend that it should be construed as an ordinary life policy with the reserves computed on a three year basis, which would make the cash value sufficient to extend the policy until the date of death. The difficulty with this position is that the contract expressly provides otherwise. "Where language [in a policy of insurance] is clear and unambiguous it cannot be construed to mean otherwise than what it says": *Urian v. Scranton Life Ins. Co.*, 310 Pa. 144, 151, 165 A. 21. "These clear and unambiguous provisions leave no room for construction; the language of the policy is directly contrary to this contention, and it cannot be construed to mean other than what it says": *Judge v. Prudential Ins. Co.*, 321 Pa. 454, 458, 184 A. 543.

This type of policy was before the Federal court in *Atlantic Life Ins. Co. v. Pharr*, 59 Fed. (2nd) 1024, and the court held that the insured was bound by the cash

values as stated in the policy, saying (p. 1025) : "The true ground for criticism of this language is that the first year the policy was in force was eliminated entirely from the calculation, as being a period of term insurance. . . . However, this is a matter upon which the parties were free to contract."

The appellants' argument would seem to be based upon the thought that while the insured made application for one policy of insurance, the appellee, by writing into the policy the provisions for term insurance, in fact issued to him two policies, one for term insurance and the other for ordinary life to begin at the expiration of the term insurance. From this it is argued that to give effect to the cash values stated in the policy it is necessary to hold that, "wherever the policy sued upon said two years, it meant one year; wherever the policy of insurance sued upon said three years, it meant two years and where the policy said 'Continuous Premium Life Policy,' it meant only that it was a continuous premium life policy after the first year." This view of the contract cannot prevail because it is opposed to the clear provisions thereof. The clause as to one year of term insurance was inserted to enable the company to charge off all underwriting expenses during the first year.

Furthermore, the insured, at the time the policy loan was made, signed a loan agreement, in which it was provided that, "if any premium on said policy is not paid when due, then, at the expiration of the period of grace for the payment of said premium, this policy loan shall become due and payable and shall be paid by deducting the amount due thereon from the cash value of said policy and the balance only of said sum, if any, shall be applied to the purchase of extended insurance without the right to loans or surrender values, for the full amount of the policy, less the amount of the indebtedness. The period for which said insurance shall be extended or continued shall be computed in accordance

with the method followed in calculating extended or continued insurance in said policy." As President Judge McDevitt said, "In the loan agreement, therefore, the insured contracted in express affirmance of the provisions of the policy in regard to extended insurance and was thereafter bound by its terms in that respect whether he had previously been so or not."

The judgment is affirmed.