Horan, Adr., Appellant, *v.* Knights Life Insurance Company of America.

Argued March 7, 1939. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John W. Bour,* with him *Carlon M. O'Malley,* for appellant.

*J. Desmond Kennedy*, with him *Leonard M. Boehm*, *William J. Fitzgerald* and *Kelly, Fitzgerald & Kelly*, for appellee.

OPINION BY BALDRIGE, J., April 12, 1939:

In this suit to recover upon a life insurance policy, the question before us is whether, in computing the automatic extended insurance following a lapse for failure to pay the premiums, the outstanding indebtedness should be deducted from the face amount of the policy as well as from the cash value thereof.

The appellee issued a policy of insurance, February 18, 1919, on the life of Patrick Horan, in the sum of $1,000, the beneficiary named therein being Barbara Horan. After this suit was instituted, the beneficiary died and her administrator was substituted as plaintiff herein.

On August 18, 1930, the date the policy lapsed, the reserve or cash value was $229.50 and the indebtedness, $178.11, leaving available for extended insurance, $51.39. That sum, applied to that purpose, would extend the term of the $1,000 policy 2 years and 169 days, or until February 3, 1933. This was prior to the death of the insured, which occurred March 6, 1933. If, as appellant contends, the $51.39 had been applied to the purchase of extended insurance for the face of the policy, less indebtedness, to wit, the sum of $821.89, the term of the insurance would have been extended on the reduced amount for 2 years and 359 days, or until August 12, 1933.

Judge HOBAN, sitting without a jury, by agreement of the parties, construed the policy as providing for extended insurance for the full value of $1,000, which expired before the death of the insured, and entered judgment for defendant. This appeal followed.

The policy included the following provision: "Non-Forfeiture. If this policy shall lapse through non-payment of premium, after premiums shall have been paid

for three full years, the Company will secure to the owner of the policy, a form of Insurance, the net value of which shall be the reserve on the policy at the date of lapse, computed according to the American Experience Table of Mortality ...... The net value shall constitute the cash surrender value of the policy. This non-forfeiture value shall be secured to the owner of the policy through one of the following provisions: *First*:—The automatic extension of the net amount insured by this policy, as shown in the table on the third page, for the number of years and months, at the expiration of which time the insurance shall cease......." The second provision covers the issuing of paid-up insurance, and the third the payment of the cash surrender value, as shown in the table.

Following the three options aforesaid, is this paragraph: "The figures in the tables on the third page are computed according to the provisions of this policy and upon the assumption that premiums have been paid in full for the number of years stated above, and that there is no indebtedness on the policy. Should any indebtedness exist, it shall be deducted from the cash value of the policy and the *other values* shall be correspondingly reduced. The cash value of the paid-up or extended insurance granted upon the lapse of this policy will be the full reserve at the time of surrender, less any indebtedness to the Company under the policy, and will be paid to the owner thereof, upon written request and proper release." (Italics supplied.)

No election on the part of the insured having been exercised under these options after the lapse of the policy, the defendant charged the indebtedness to the cash value and carried the policy as extended insurance. This action was conceded by the appellant to be entirely proper, but he contends that the face value of the policy also should have been reduced to the extent of the indebtedness as "other values" shall be corre-

spondingly reduced, thus prolonging its term beyond the death of the insured.

"Other values" undoubtedly mean the other figures or values appearing in the table referred to in the non-forfeiture paragraph. It set forth, as above stated, (a) loan or cash value; (b) paid-up insurance; (c) extended insurance, which were available from three to twenty years, inclusive, after the date of the policy. Those figures vary according to the length of time the policy has been in force and depend also upon which option is exercised. The policy does not, in express terms, provide that in computing the automatic extended insurance the indebtedness shall be deducted from the cash value and also from the face amount of the policy. Specific options were given, one of which could be exercised. It does not contain a clause, as did the one sued upon in *Steuernagel et al. v. Metropolitan Life Ins. Co.*, 322 Pa. 289, 185 A. 208, that the paid-up term insurance could be reduced in the event of indebtedness. The granting of extended insurance for the face value of the policy, as set forth in the table, discharged defendant's obligation; no other was imposed. It evidently was not contemplated that the face of the policy was to be correspondingly reduced in the absence of an express provision to that effect.

The appellant further contends that the "automatic extension of the *net amount* insured by this policy, as shown in the table" giving the number of years and months, at the expiration of which the terms of the insurance shall cease, supports his argument that the indebtedness should be deducted from the face amount of the policy also. (Italics supplied.)

"Net amount" means the face of the policy, clear of all charges or deductions. When the indebtedness was charged to the cash value, it was paid; there were no further deductions to be made: *Jeske, Admx. v. Metropolitan Life Ins. Co.*, 113 Pa. Superior Ct. 118, 128, 172 A. 172. The amount of insurance remained unaffected.

*Toncich v. Home Life Ins. Co.,* 309 Pa. 336, 163 A. 673, throws light upon both contentions of appellant. The plaintiff there argued that the policy upon which the insured had borrowed money should have been extended for the full term as if no indebtedness existed and the amount owed should have been deducted from the sum payable at insured's death. The Supreme Court held that it was proper for the insurer to deduct the indebtedness from the cash value but not from the face of the policy. That policy, as this one, provided for the automatic extension of the "net amount insured by this policy," and that should "any indebtedness exist, it shall be deducted from the cash value of the policy and the other values shall be correspondingly reduced." The present Chief Justice, speaking for the court, there said (pp. 338, 339) : "Under the automatic extension clause the insured could demand that the reserve on the policy, built up by the payment of premiums for four years, be applied to extend the *full insurance.* [Italics supplied.] ...... If there was any indebtedness on the policy, the insurer was entitled to liquidate it by charging it against this reserve value: [citing cases]." Following thereafter, the insured's rights were set forth as follows: "The reserve or cash value of this policy on April 28, 1929, was $324; the indebtedness was the $300 loan, leaving $24 to secure extended insurance. This sum, on the basis of the tables in the policy, would extend the insurance for one year and eleven days, at the expiration of which period, insured being still alive, the policy ceased and determined;" thus plainly indicating that the face of the policy remained unchanged. It is true the opinion writer also said (p. 339) : "When an indebtedness is charged against the reserve or cash value of a lapsed policy the extended insurance as shown by the table is proportionately reduced." That statement undoubtedly referred to the reduction of the period or term of extension as definitely shown by the table, and not to the amount of insurance.

It is unnecessary to discuss *Penn Mutual Life Ins. Co. v. Marshall* (Ga.), 175 S. E. 412, and *Mayers v. Massachusetts Mutual Life Ins. Co.* (N. Y.), 11 Fed. Supp. 80, cited by appellant. It is sufficient to state that, in the first case, the issue before us was not there involved; and, in the second, the provisions of the policy were different from those in this policy.

A careful reading of the provisions of this policy and due consideration of the able arguments of counsel convince us that the learned court below correctly disposed of this case.

Judgment affirmed.