No. 45,006

Eva Hitchcock, et al., *Plaintiffs*, v. Skelly Oil Co., Inc., et al., *Defendants*. Harold H. Malone, *Applicant and Appellant*, v. T. Gra Gaston, Elwood Tobias, Gertrude Tobias Wassberg, Howard Aten and Bessie Aten, *Appellees*.

(440 P. 2d 552)

Opinion filed May 11, 1968.

*J. Eugene Balloun*, of Great Bend, argued the cause, and *Harold H. Malone*, *H. Lee Turner*, *Max E. Eberhart* and *Jack G. Duncan*, all of Great Bend, were on the briefs for the appellant.

*Granville M. Bush*, of Lyons, and *Charles S. Arthur*, of Manhattan, argued the cause, and *Richard Ankerholz*, of Lyons, was with them on the briefs for the appellees.

The opinion of the court was delivered by

Hatcher, C.: This controversy stems from a dispute over the allowance of an attorney's fee. The case is a sequel to previous litigation in this court (*Aten v. Tobias*, 114 Kan. 646, 220 Pac. 196) and this appeal is the result of an order on a post-decision motion in the original case of *Hitchcock v. Skelly Oil Co.*, 197 Kan. 1, 414 P. 2d 67.

The facts involved and the issues presented in the *Hitchcock* case are fully presented in the opinion. It will suffice to state here that the case sought to accelerate the payment of oil royalties which were held in trust for the benefit of contingent remaindermen with the interest therefrom being paid to the life tenants. This court upheld the judgment of the trial court denying relief to the plaintiff-beneficiaries. The opinion in the *Hitchcock* case did not touch on the question of attorney fees.

The attorney for the plaintiff-beneficiaries, appellants in the

original case, filed a motion to modify the decision "by providing for annual distribution of the oil royalty to the life tenants or in the alternative by *assessing the costs of this action and reasonable attorney fees against the trust fund.*"

The motion made no reference to a contingency fee agreement and such an agreement was not before this court. The appellants, who were the real parties in interest insofar as the attorney fees were concerned, were not served with a copy of the motion to modify and as to them the motion presented an *ex parte* proceeding.

This court, not being informed in the premises, after denying the motion to modify the decision, directed the trial court to "make a proper allowance of attorney fees for appellants' attorneys for services in the trial court and in this court and tax the same as costs, costs to be paid by the trust estate, . . ."

The court set the matter of an allowance of a proper attorney fee for hearing and at the conclusion thereof filed a memorandum decision which read in part:

"The court finds that the parties entered into an agreement February 24, 1964, which superseded any prior agreement and which provided:

" '7. It is understood and agreed that Attorney is to pay all of his own travel expense and all other expenses incurred by him and that Clients shall in no event become obligated for any such expenses, it being the intention of the parties that Attorney's compensation shall be entirely contingent upon recovery and that Clients shall not be obligated to Attorney in any amount whatsoever if nothing is realized by Clients.'

"The court finds that this contract was never superseded or modified in any way.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"As a matter of law, the court concludes that to allow fees and expenses to the applicant would be contrary to the agreement of the parties, and no allowance is made. In making this determination, the court has to consider the mandate from the Kansas Supreme Court relative to the allowance of the proper fee in light of the ex parte presentation there made."

Judgment was entered accordingly.

The attorney has appealed.

The purpose of the contingency fee agreement is stated in the first three paragraphs of the retainer agreement as follows:

"1. WHEREAS, oil has been produced and is being produced under a portion of the real estate forming a part of the estate of Cyrus Tobias, and in particular from the West Half of Section 25, Township 20 South, Range 9 West, Rice County, Kansas, and

"2. WHEREAS, the landowners royalty interest in the minerals being produced from said West Half of Section 25 is being impounded and withheld

from distribution, pending the termination of certain life estates set up in said will, and

"3. WHEREAS, Clients desire to obtain immediately, during their lifetime, and prior to the termination by death of the life estate set up in said will, their shares of the mineral interests in said lands in said estate, and in particular, their share of said impounded and accruing funds from said producing lands, . . ."

The attorney agreed to devote his best efforts and skill to accomplish the desire of his clients for the consideration quoted in the court's memorandum decision.

We would perform no useful service for appealing counsel by reviewing in detail the charges and counter claims presented by the record or the contentions of the parties as contained in their briefs.

We agree with the conclusion of the able trial judge that the question of attorney fees was fully covered by the contingency fee provided for in the retainer agreement; the retainer agreement provided the only authority for the attorney to represent the appellants, and that any other allowance of attorney fees would be contrary to, and inconsistent with, the existing agreement.

It might be suggested that if there is any room for dispute as to the scope of a retainer agreement, it is the general rule that in construing a contract between attorney and client, doubts are resolved against the attorney and the construction adopted which is favorable to the client. (*Kirwin v. McIntosh*, 153 Kan. 395, 110 P. 2d 735.)

Under the circumstances disclosed at the hearing below the decision of the trial court was a proper compliance with the post-decision order of this court as to attorney fees.

The judgment is affirmed.

APPROVED BY THE COURT.