OPINION OF THE COURT
Bertram R. Gelfand, J.
In this application to modify limited letters of administration to sanction the receipt and distribution of settlement proceeds for causes of action for wrongful death and personal injury, the guardian ad litem in her initial report interposed objections. In addition to those objections that are addressed to the substance of the account, an issue with reference to the legal fee requested by the attorney for petitioner was raised by the guardian ad litem with reference to her ward, and by petitioner himself, on the record.
The issue as to counsel fees proceeded to trial. A printed retainer statement signed by the petitioner and his uncle was produced. The uncle, although not a party to the proceeding, was involved in the retention of counsel. This agreement was on the form utilized for a "sliding scale” retainer. However, the printed figures were crossed out in ink and at the conclusion of the final line dealing with percentages was written "Vá”. Also written in ink after the figure "x/á” was the phrase "subject to the approval of the court”.
As to the contingent retainer agreement, petitioner testified *337 that he did not remember signing the retainer, but he identified his signature. The uncontroverted evidence establishes that the retainer was signed by petitioner in its present form.
Petitioner testified that he is 29 years of age and that he has a tenth grade education, partially in English and partially in Arabic. He received this education in Jordan. He has been in the United States for approximately 14 years. It was his testimony that whenever he raised the question of a fee he was told by counsel the court will decide what was the appropriate fee. He indicated he only had a hazy recollection as to the negotiations leading to the signing of the retainer because he was really to some extent relying upon his uncle who also signed the retainer. His uncle was in no respect a party in interest nor did he ever become a party in interest.
The attorney for petitioner, with commendable candor, conceded that, at the time of the execution of the retainer, he told the client that the final legal fee he would request would be governed by the extent to which the case had to be prosecuted. He further specifically conceded that the words in the retainer that the fee "was subject to the approval of the court” were intended to apply to the entire fee and not simply to the portion attributable to the infant parties in interest. It appears that the provision that the final amount of the fee would be judicially fixed was materially reassuring to petitioner in inducing him to sign the retainer.
No weight can be given to petitioner agreeing to a one-third fee in the petition. This consent was not the product of any meaningful discussion as to fees and its execution was clearly a concomitant of petitioner knowing he had to sign these papers to conclude the settlement. Counsel conceded that at the time petitioner contended that he felt a fee of 10% was adequate.
Contracts between an attorney and client as a matter of public policy are of special interest and concern to the courts. They are not enforceable in the same manner as ordinary commercial contracts. The burden of proving that the arrangement for compensation was fair and reasonable and fully comprehended by the client rests with the attorney. Moreover, the retainer agreement in question was, by its own terms, "subject to the approval of the court”. It is well established that agreements as to fees between attorneys and clients must be viewed in the light most favorable to the client (Howard v Murray, 43 NY2d 417, 422; Matter of Schanzer, 7 AD2d 275, *338 affd 8 NY2d 972; Matter of Howell, 215 NY 466; Smitas v Rickett, 102 AD2d 928, 929; Baye v Grindlinger, 78 AD2d 690; Matter of Bradley, 128 Misc 2d 240, 241; Estate of Schettino, NYLJ, Nov. 30, 1977, p 13, col 2).
In the instant matter, the proof fails to establish that the retainer agreement is a product of a clear meeting of the minds between petitioner and counsel under which petitioner understood that he was embracing a firm obligation to pay counsel one third of the recovery. At best, the flavor of the colloquy that preceded the retention of counsel and petitioner signing the retainer agreement was that the final fee at the conclusion of the matter was negotiable and that, if it could not be negotiated in a manner satisfactory to both parties, the court would ultimately pass upon it.
On the proof here presented, the issue of counsel fees is one which must be determined by the court. At the threshold, the question is presented as to the criteria which should be applied to this issue. Although there was no meeting of the minds between counsel and petitioner as to the absoluteness of the one-third figure in the retainer, this does not reduce counsel to being entitled to no more than a quantum meruit fee. There was clearly a meeting of the minds to the extent that counsel was undertaking his representation of petitioner on a contingent basis pursuant to which he would receive nothing if he did not succeed in the litigation. There is no question as to the contingent nature of the retainer and that petitioner would be under no obligation to counsel if counsel did not succeed in achieving a recovery. Under these circumstances, the issue is not the quantum meruit value of counsel’s services, but whether the total, or a portion, of his contingent retainer should be fixed as his fee.