Robert W. PAGE, Sr., Personal Representative of the Estate of Robert W. Page, Jr., deceased, Respondent,

v.

L.A. GREEN, d/b/a Green Seed Co., Inc., Employer,

Kelso Journey and James K. Journey, Employee's former attorneys, Appellants.

No. 15006.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 13, 1988.

Application to Transfer Denied Oct. 18, 1988.

Raymond E. Whiteaker, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

Kelso Journey, James K. Journey, Clinton, for appellants.

PER CURIAM:

*Page v. Green,* 686 S.W.2d 528 (Mo.App. 1985), determined that injuries received by Robert W. Page, Jr., now deceased, were compensable under the workers' compensation statutes. The matter was remanded to the Labor and Industrial Relations Commission with directions that it enter an appropriate award. Thereafter a disagreement arose between the decedent and his former attorneys regarding their attorney fees and the Labor and Industrial Relations Commission entered an order setting those fees.

The attorneys appeal, claiming that the fees were unreasonably low. They also purport to appeal from portions of the award determining certain expenses of the decedent including medical and nursing expenses. As the attorneys are not parties to those issues, see § 287.495.1, RSMo 1986, they have no standing to appeal those determinations. *Harger v. Acme Fast Freight, Inc.,* 336 S.W.2d 109, 112 (Mo.banc 1960); *Columbia Union National Bank & Trust Co. v. Bundschu,* 641 S.W.2d 864, 872 (Mo.App.1982). Therefore, this opinion is confined to determining whether this court can find that the commission erred in the award of attorney's fees.

Under § 287.260.1, RSMo 1986, attorney's fees in connection with workers' compensation matters are "subject to regulation by the division or the commission and shall be limited to such charges as are fair and reasonable and the division or the commission shall have jurisdiction to hear and determine all disputes concerning the same." The attorneys contend that the commission erred in failing to award them their contractual percentage and in awarding such a grossly inadequate, unfair and unreasonable fee as to constitute an abuse of discretion.

As parties to the dispute on attorneys' fees, the attorneys may properly appeal under § 287.495.1, RSMo 1986. Although we find no Missouri case expressly stating that attorneys may appeal from the commission's award of attorneys' fee, that is the rule in other jurisdictions and such appeals have been prosecuted in Missouri. See *Rose v. Alaskan Village, Inc.,* 412 P.2d 503, 509 (Alaska 1966); *Rawlings v. Workmen's Compensation Board,* 187 Ky. 308, 218 S.W. 985, 986 (1920). See also *Dillard v. City of St. Louis,* 685 S.W.2d 918 (Mo.

App.1984) (attorneys appealed award of attorneys fees in workers' compensation claim); *Sanderson v. Producers Commission Ass'n,* 241 S.W.2d 273 (Mo.App.1951) (workmen's compensation claimant appealed award of attorneys fees).

The commission is the judge of the credibility of witnesses and a reviewing court does not substitute its judgment for that of the commission. *Kite v. Polsky Motors,* 614 S.W.2d 294, 299 (Mo.App.1981). The scope of this court's review is to determine whether the commission could reasonably have made its findings and award and if so this court cannot disturb those findings and award even though this court might have reached a contrary result. Id. at 299–300.

In reviewing an award of attorneys fees, the commission's decision is reversed only if the allowance is so inadequate and unreasonable as to constitute an abuse of discretion. *Dillard,* supra, 685 S.W.2d at 924; *Sanderson,* 241 S.W.2d at 275.

The attorneys entered into a written agreement with Robert W. Page, Jr. Apparently they prepared it. The body of that contract was as follows:

> I hereby employ James K. Journey and Kelso Journey to represent me in a claim for injuries suffered by me on August 14, 1980, at Lockwood, Missouri, and I agree to pay him twenty-five per cent (25%) of any net amount recovered, whether by suit, compromise, or settlement.
>
> If nothing is recovered, then I am to pay him nothing for his services.

An agreement between an attorney and client is to be construed by the same rules as apply to other contracts. *Knight v. DeMarea,* 670 S.W.2d 59, 63 (Mo.App. 1984). Other jurisdictions appear to view such contracts somewhat different. See *Hitchcock v. Skelly Oil Co.,* 201 Kan. 260, 440 P.2d 552, 554 (1968); *Estate of Suleiman,* 130 Misc.2d 336, 496 N.Y.S.2d 919, 921 (1985) (If there is room for dispute as to the scope of an attorney's retainer contract, the construction adopted is that most favorable to the client). If an agreement is ambiguous it is to be construed against the drafter. *Village of Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 264 (Mo.App. 1985).

Apparently the meaning of "net amount" as used in the agreement was in dispute. When used with calculations "net" means after deductions. *White v. Barton,* 269 S.W.2d 673, 676 (Mo.App.1954). See also *Horan v. Knights Life Ins. Co.,* 135 Pa.Super. 255, 5 A.2d 404, 405 (1939); *Maine v. Burnett,* 343 Mass. 555, 179 N.E.2d 903, 905–906 (1962). The question is, what deductions are to be made before the fee is calculated? The agreement is ambiguous as it does not answer that question. Language is "ambiguous" when it is susceptible to two or more meanings or has vagueness of meaning. *Laiben v. Department of Revenue,* 572 S.W.2d 173, 175 (Mo. banc 1978); *Tenney v. American Life and Accident Insurance Co.,* 338 S.W.2d 370, 371 (Mo.App.1960). As "net amount" in the context used was ambiguous the commission could properly consider evidence on its meaning. *Busch & Latta Painting v. State Highway Commission,* 597 S.W.2d 189, 198 (Mo.App.1980).

The father of the decedent testified that the attorneys said that their fee would be 25% of what the decedent was entitled to, excluding medical and nursing services. An attorney experienced in workers' compensation claims testified, without objection, that his interpretation of the contract between the attorneys and the decedent would be that the attorneys "are to receive one-fourth of the net amount due the injured claimant, the weekly compensation benefits due the claimant" and that this would exclude any compensation or payment for medical expenses, past or future. The attorney further testified, also without objection, that if the contract was "to provide for one-fourth of medical expenses or nursing services, your contract would provide one-fourth of all sums recovered or one-fourth of any and all amounts recovered." The administrative law judge, whose findings were adopted by the commission, agreed with the attorney's interpretation of the contract.

Appellants were awarded as their fee 25% of the permanent total disability payments received by the decedent, and also their expenses in the amount of $4,094.40. They contend that the fee should have been based on the total of the award including medical and nursing expenses.

An attorney's fee can be based upon the whole award, including medical and nursing expenses. See Kenter, Mo.Workman's Compensation § 18:1 (1987). *Wommer v. W.C.A.B. (Lycoming County)*, 84 Pa.Commw. 275, 479 A.2d 661, 662 (1984); *Henderson v. W.C.A.B. (Rockwell Intern.)*, 69 Pa.Commw. 613, 452 A.2d 277, 278 (1982); *Guillory v. Coal Operators Casualty Co.*, 95 So.2d 201, 205 (La.App.1957).

We are of course aware that restrictions upon attorneys' fees, which prevent an attorney from receiving a reasonable fee often work a hardship upon potential clients because they cannot secure the assistance they need. This problem is no less real in workers' compensation matters. Dean Timothy J. Heinsz, in Missouri Workers' Compensation (Law and Practice) § 21–2, p. 200, (1984), states:

The determination of a fair and reasonable fee involves a balancing of many interests. The fee certainly cannot be arbitrarily set and must be supported by evidence in the record regarding the necessity, reasonableness, and fairness of the fee. Fees must be substantial enough to attract competent counsel. This concern affects both the determination of the actual size of fees as well as the method of payment ordered. Custom, economic factors, and experience are also recognized in evaluating a reasonable fee.

In most cases the Commission allows a percentage of the award for attorneys' fees. The general practice in Missouri is to set a fee not to exceed 25% of the award, although nowhere in the statute or regulations is this figure to be found. Presumably, such a fee is considered a reasonable and fair amount. The burden will be upon the claimant's attorney to justify any amounts above this figure.

When attorneys are denied fees for work prosecuted on behalf of an injured workman, there is a chilling effect upon the ability of an injured party to obtain adequate representation. *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718, 719 (1979). Attorney's fees are discussed in 3 Larson's Workmen's Compensation Law § 83.15 (1988) as follows:

The problem of the claimant's attorney's fee is an important and serious one, and one which is far from satisfactory solution. The origin of the difficulty lies in the incompatibility between the original idealized theory of compensation administration, which was that benefits would issue automatically according to the clear specifications of the statute, and the actualities of modern compensation administration, in which lawyers are employed by claimants in a majority of compensation cases in many jurisdictions. A corollary of this incompatibility is a continuing lack of agreement as to the part, if any, that lawyers should play in compensation administration. Some administrators feel that legal fees unnecessarily cut down on the workman's net recovery, that the workman would frequently do just as well without the lawyers since the board will always look after his interests, and that most compensation claims present no issues calling for the exercise of the lawyer's talents anyway. The lawyers reply that compensation practice is unavoidably replete with controversial issues and problems of proof, that, with the best of intentions in the world, commissions loaded down with thousands of claims cannot possibly look after the interests of any particular claimant as well as his lawyer could, with the result that an unrepresented claimant may be subjected to delays that would not happen to a claimant whose lawyer is constantly pushing his case forward, and that, all in all, the claimant who pays a lawyer gets more than his legal expenditure back in the form of higher awards, better settlements and greater chance of success.

We agree that in many, if not most cases, it is to the worker's compensation claimant's advantage to have an attorney

and in order to secure adequate legal counsel reasonable fees must be awarded. However, here, we reluctantly conclude that we cannot change the Commission's award.

██ Although it appears that the attorneys' fees awarded were grossly disproportionate to the amount of work expended, that frequently happens where there is a contingent fee contract and a small award or award is received. Had decedent lived longer the fees of course would have been more. Under our limited review, and on the evidence presented, we cannot say that the commission's interpretation of the attorney fee contract was beyond its capacity to so find. If the attorneys received what they bargained for in the agreement with the decedent there was no abuse of discretion in not awarding more.

The award is affirmed.

All concur.

Susan M. Hais, Clayton, for plaintiff-appellant.

Gary Carroll Stribling, Jr., Ziercher & Hocker, Clayton, for defendant-respondent.

Before STEPHAN, P.J., and DOWD and PUDLOWSKI, JJ.

**J.D., Plaintiff–Appellant,**

v.

**M.F., Defendant–Respondent.**

**No. 53986.**

Missouri Court of Appeals,
Eastern District,
Division II.

Sept. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 19, 1988.