Earnest L. BIRD, Claimant–Appellant,

v.

SOUTHEAST MISSOURI STATE UNIVERSITY, Employer–Respondent.

No. 53862.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 6, 1988.

Kenneth L. Waldron, Jackson, for claimant-appellant.

Lichtenegger & Ellis, John P. Lichtenegger, Jackson, for employer-respondent.

KAROHL, Judge.

Employee, Earnest Bird, appeals final award of the Labor and Industrial Relations Commission denying Workers' Compensation. The Commission determined the award of the Administrative Law Judge denying compensation was supported by competent and substantial evidence. The Administrative Law Judge determined claimant-employee did not sustain an accident defined in § 287.020.2 RSMo 1986 or work-related injury, or, sustain an incidence of occupational disease defined by § 287.067.1 RSMo 1986, "arising out of," or "in the course of [his] employment" with Southeast Missouri State University between 1979 and 1985. He also found "... employee's avascular necrosis directly related to obesity and alcoholism and not caused by accident or occupational disease."

Earnest Bird was employed as a maintenance laborer from June, 1979, until May, 1985. He was medically disabled from performing any services after May of 1985. He claimed that a series of falls, maintenance of balance while operating equipment, and strenuous effort necessary to get off tractors and mowers constituted accidental repetitive trauma and thus, an occupational disease that caused avascular necrosis of the femoral heads for which he continued to receive treatment. Employer stipulated that employee was totally and permanently disabled, but disputed the causation of his total disability.

Employee contended before the Administrative Law Judge, the Commission, and now contends his disability is caused by traumatic occupational disease. He contends he met the burden of proof required for such disability under § 287.067.1 RSMo 1986, which requires: (a) a disease arising out of and in the course of employment; (b) a disease which is not an ordinary disease of life; (c) a disease causally connected to the conditions of his employment under which the work is performed; (d) a disease incidental to the work; (e) a disease which can be fairly traced to the employment as the proximate cause; and, (f) a recognized occupational disease. Employer responds that the facts found by the Administrative Law Judge and the Commission support the award, particularly, that the disabling condition, avascular necrosis: (1) did not arise out of and in the course of his employment; (2) was not caused by the work; (3) is a disease not proven to be a natural incident of claimant's work; and, (4) is a disease which cannot be traced to the employment as the proximate cause.

We review only questions of law on appeal from the Commission's final award. Section 287.495.1 RSMo 1986. We may not disturb the award unless it is unsupported by substantial evidence or clearly contrary to the weight of the evidence. *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo.App.1988). Credibility, resolution of evidentiary conflicts, weight of evidence, and factual inferences are all issues vested in the Commission. *Tester v. Autco Distributing, Inc.*, 749 S.W.2d 21, 22 (Mo.App.1988).

Claimant is a thirty-two year old man weighing in excess of three hundred pounds. Avascular necrosis of the femoral head is a disease which generally occurs between age thirty and age sixty. The femur is the large bone which connects to the pelvis and the knee. The top portion of the femur is a ball which fits into a socket formed in the pelvis.

Claimant's Exhibit 2, an article published in a medical journal, describes the disease as one "associated with chronic alcoholism, gout, steroid therapy and hemostatic alterations, the precise cause of an infarction is unknown." Infarction is a breakdown of the bone.

Claimant's Exhibit 3, also an article which appeared in a medical journal, notes "[a]septic necrosis of the head of the femur in adults results from interruption of the circulation by either physical injury or non-traumatic occlusion of its blood vessels, injury being a more frequent cause than occlusion." Generally, interruption of the blood supply to the head of the femur in adults causes death both of the bone and of

the overlying articular cartilage. These medical facts are not in dispute.

Given our standard of review, we look to the testimony of Dr. Forbes McMullin who examined and testified for employer. This testimony was elicited after claimant's doctor, Dr. William Thorpe, testified that the disease was job-related although, "the fact that he was a very heavy individual, significantly contributed, if not caused, his present condition of avascular necrosis." In general, Dr. McMullin's opinion was, Mr. Bird had the condition "due to excessive alcohol intake." He expressed his opinion by the following testimony: "I think the cause of the avascular necrosis in this case is not work related. But the cause, as I said could be—it could be a relationship between aggravation and his trauma. I think the cause is again not work related, it's due to alcohol." Dr. McMullin stated further, "My answer is that I do not think he had occupational avascular necrosis." Both Dr. Thorpe and Dr. McMullin agreed that use of alcohol and/or obesity could be a cause of the disease and that the disease is one which can occur, especially in obese persons, simply by carrying out daily activities.

■ Claimant contends on appeal he is entitled to an award of permanent and total disability on the basis of the evidence presented to the Administrative Law Judge because the award denying benefits is in excess of the powers of the Commission, and the facts found, and the ruling made, do not support the findings or award denying compensation. Each subpoint of this claim of error is directed toward the sufficiency of proof of facts to support an award for claimant.

The claim(s) of error miss the mark. We do not review and disturb an award denying benefits merely because there was evidence which would have supported an opposite result. We are limited to reviewing whether there is substantial evidence to support the finding of the Administrative Law Judge and the Commission.

The critical issue is one of causation. The Administrative Law Judge found no occupational disease as defined by § 287.067.1 RSMo 1986 which constitutes a finding of no causation. There was evidence in claimant's exhibits and in the testimony of Dr. McMullin that there was no causation in claimant's employment activities of avascular necrosis of the femoral bone. Accordingly, each subpoint of the claim of error which assumes no proof of causation is denied.

Claimant also, in the alternative, requests a remand for further testimony on the disease of alcoholism and the rarity of avascular necrosis. Because of the testimony of Dr. McMullin on the issue of causation, which was accepted by the Administrative Law Judge and the Commission, there is no need for remand. The additional evidence was not offered or refused during the hearing. The request for remand proceeds on the premise that alcoholism in some manner disqualified claimant from benefits. We find nothing in the record to support that assumption. Alcoholism is apparently an accepted possible cause of the disease. Both claimant's doctor and Dr. McMullin expressed that opinion. Accordingly, to the extent that alcoholism was a matter for consideration at the hearing, it was limited to that of a medical matter, a subject for expert opinion on the issue of causation. There is nothing in the record to indicate that claimant was denied benefits because he may have been an alcoholic. Accordingly, the reference to federal statutes and constitutional protections for disabled persons are not relevant to the issues on appeal.

We affirm.

PUDLOWSKI, C.J., and DOWD, J., concur.