**Bobby HALL, Employee/Appellant,**

v.

**WAGNER DIVISION–McGRAW–EDISON, Employer/Respondent.**

No. 56289.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 29, 1989.

John C. Healy, St. Louis, for employee/appellant.

Robert W. Herr, St. Louis, for employer/respondent.

SATZ, Presiding Judge.

This is a worker's compensation claim. Claimant, Bobby Hall, appeals an order of the Labor and Industrial Relations Commission (Commission) awarding him $150.00 per week for permanent total disability, beginning on January 26, 1988. We reverse and remand.

This is the second time this case has come before us. In November, 1981, claimant made a claim for workers' compensation against his employer. A hearing was held in November of 1983 before an Administrative Law Judge (ALJ). In February 1984, claimant was awarded compensation based on a finding that he sustained permanent partial disability. On August 22, 1984, the Commission confirmed the award.

On February 24, 1986, claimant filed an application to reopen under Section 287.470 RSMo 1986, alleging his condition had progressed so as to justify an award for permanent total disability. A hearing on this issue was held before an ALJ. Based on the record of that hearing, the Commission denied claimant's motion on April 27, 1987.

On appeal, we found the Commission's order was "not supported by substantial evidence and is clearly contrary to the overwhelming evidence." *Hall v. Wagner Div.-McGraw-Edison*, 755 S.W.2d 594, 598 (Mo.App.1988). We reversed the Commission's order and remanded the cause to the Commission "for further findings consistent with [the] opinion." *Id.* Our Supreme Court granted transfer of the cause to it, then retransferred the cause to us, and, on January 26, 1988, we reissued our opinion.

On remand, the Commission issued an order stating, in part:

Pursuant to the Court's directive to make findings not inconsistent with its opinion, the Commission hereby finds that a modification of the original award is in order. Due to a change of condition, the Final Award Allowing Compensation is modified from 75 percent permanent partial disability to permanent total disability. *The Commission further finds that the*

*testimony of Dr. Grisbaum, [sic] who stated that the claimant is now permanently and totally disabled, supports the modification.*

The Commission hereby awards the following compensation:

*For Permanent Total Disability:*

The sum of $150.00 per week commencing January 26, 1988 (Court of Appeals decision) for life (indefinite) Less compensation for any permanent partial disability already paid from January 26, 1988 to the date of this award.

This award is subject to a lien in favor of the employee's attorney in the amount of $3,420.00, which is in addition to the attorney's fee previously awarded by the Commission's final award of August 22, 1984. (Emphasis added)

Claimant now appeals from this order, contending the Commission erred in not ordering his compensation to begin on January 16, 1986, rather than on January 26, 1988. The only conclusion supported by the evidence, claimant contends, is that he was totally permanently disabled as of January 16, 1986, and, therefore, the Commission should have ordered his permanent total disability compensation to begin on that date.

■ Initially, we dispose of a procedural issue. Employer has filed a motion to dismiss claimant's appeal, which was taken under submission along with the issues on the merits.

In support of its motion, employer contends that claimant is disputing an award of the Commission, and employer argues the "proper way to secure payment under an Award of the ... Commission ... is not to appeal to this Court, but by securing a judgment in the Circuit Court of the County in which the accident occurred and running an execution on such judgment ... § 287.500 RSMo 1986." Employer misstates the issue raised by claimant in this appeal. Claimant contends the last award of the Commission for permanent total disability should have begun sooner than the date set by the Commission. Claimant does not contend the award as made by the Commission is not being or has not been paid. Thus, employer's argument is misdirected and misses the mark.

As we understand employer's additional argument, it contends claimant "has in effect claimed the Commission to be in error in its findings." This is, of course, exactly what claimant is contending here. Claimant properly invokes our jurisdiction to determine whether the Commission's findings and, in turn, its corresponding order are supported by competent and substantial evidence. We, therefore, deny employer's motion to dismiss.

Claimant's contention raises two basic issues: 1) at what date was claimant permanently totally disabled?; and 2) is claimant entitled to payments from that date?

■ We answer the first question by viewing the record. In reversing the Commission in our previous opinion, this Court relied on three categories of evidence: 1) the testimony of claimant; 2) the testimony of claimant's wife; and, 3) the testimony and medical report of claimant's treating physician, Dr. Griesbaum. *See Hall, supra* at 596–97. Both the claimant and his wife testified there were a number of things claimant used to be able to do but could not do any longer. Their testimony, however, did not establish at what date the changes in claimant's condition took place; the most that it established is the changes had taken place by the date of the testimony, July 31, 1986. But, Dr. Griesbaum testified that claimant was totally disabled as of January 16, 1986.

This Court, in its previous opinion, did not purport to rely on any one of these categories of evidence. The Court reviewed the record as a whole and came to the conclusion that, taken as a whole, the evidence did not support the Commission's denial of claimant's application. *Hall, supra* at 598. But, the Court expressly, specifically and purposefully remanded this cause to the Commission for "further findings consistent" with the Court's opinion. After remand, the Commission expressly found the testimony of Dr. Griesbaum "supports the modification." Since Dr. Griesbaum testified claimant was totally permanently disabled on January 16, 1986,

the Commission's view of the record must be that claimant was disabled as of that date.

Our review of Commission findings, quite properly, is limited. § 287.495, RSMo 1986.[1] The Commission's finding is supported by the record and consistent with our earlier opinion. We therefore accept the Commission's finding that Dr. Griesbaum's testimony supports the award. Consequently, claimant was totally permanently disabled as of January 16, 1986.

Employer argues the Commission must have found claimant was totally permanently disabled as of January 26, 1988, because that is when the Commission made the award effective. Since the record consists of evidence taken at a hearing on July 31, 1986, we find no rational basis to conclude the Commission could have found that claimant was totally permanently disabled as of January, 1988. There is no evidence to support that conclusion. The record, as viewed by the Commission, supports only one conclusion: claimant's condition had changed to permanent total disability as of January 16, 1986.

■ The question then becomes whether claimant is entitled to payments beginning January 16, 1986, and, if so, whether the Commission has the power to defer payments for two years, until January 26, 1988. This is a question of law; thus, we are not bound by the determination the Commission made. *Lloyd v. County Elec. Co.*, 599 S.W.2d 57, 60 (Mo.App.1980).

The question is answered by § 287.160.1 RSMo 1986, which provides that, except for situations not present here, compensation is not payable for the first three days unless the disability lasts more than fourteen days. If the disability does last more than fourteen days, payment begins at the start of the disability. Here, since the disability is permanent, it lasts more than fourteen days. Thus, payment should have begun when the disability did. We therefore reverse the Commission's order, remand this cause to it and direct it to enter an appropriate order, including an award of compensation to claimant for permanent total disability commencing January 16, 1986.

■ Claimant's attorney has also raised an issue in his brief on his own behalf. He contends the Commission erred in limiting his fee to $3,420.00.[2]

In *Page v. Green*, 758 S.W.2d 173 (Mo. App.1988), our colleagues in the Southern District held that an attorney may appeal the amount of fee the Commission awards him. *Id.* at 174. In *Page*, the attorney's contract with claimant apparently was part of the record before the Commission and was part of the record before the Court. *Id.* at 175. This is not the situation here.

The attorney here alleges he has a contract with claimant "giving him" 25% of any award resulting from the first appeal in this case. He does not, however, cite to any evidence in the record showing the existence of the contract; nor is any contract listed in the index to the legal file or found in the legal file. We do not review issues based upon evidence not found in the record. *ASARCO, Inc. v. McNeill*, 750 S.W.2d 122, 130 (Mo.App.1988).

Judgment reversed, and cause remanded to Commission with the direction to enter an order consistent with this opinion.

SMITH and GRIMM, JJ., concur.

1. Section 287.495.1 RSMo 1986 provides in part: Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
   (1) That the commission acted without or in excess of its powers;
   (2) That the award was procured by fraud;
   (3) That the facts found by the commission do not support the award;
   (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

2. Claimant's attorney is not listed as an aggrieved party in the notice of appeal.