William DEHATRE Claimant–Appellant,

v.

SMITH & NEPHEW EQUIPMENT GROUP, Employer–Respondent.

No. 66501.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 14, 1995.

Jack B. Spooner, Emert & Spooner, P.C., St. Louis, for appellant.

David S. Ware, Paul F. Keeven, Evans & Dixon, St. Louis, for respondent.

KAROHL, Judge.

William Dehatre filed a workers' compensation claim alleging that he sustained chest and back injuries on July 14, 1989, while working for Smith & Nephew Equipment Group. The Workers' Compensation Commission (Commission) made an award in favor of the claimed chest injury. That part of the award is not appealed. However, the Commission found the award of the Administrative Law Judge (ALJ) denying recovery for the claimed back injury was supported by competent and substantial evidence. It affirmed the denial of benefits on the back claim, one Commissioner dissenting. Claimant filed a timely appeal.

When deciding the back claim the ALJ found:

[T]hat the claimant's current complaints and indications of ill-being have no causal connection between the incident of July 14, 1989, and make this finding based on a myriad of complaints and various inconsistencies and symptoms given by the claimant over time to various medical providers, many of which were untrue and incomplete between providers. I find that the medical providers' opinions regarding the claim-

ant's current condition is not related to the incident of July 14, 1989, and award no further medical treatment or temporary disability benefits as unnecessary.

The ALJ based his opinion on an implied finding that claimant's testimony regarding the claimed back injury was not credible. Credibility issues are vested with the Commission. *Bird v. Southeast Missouri State University,* 761 S.W.2d 746, 747 (Mo.App. 1988). He also based his opinion on acceptance of medical providers' opinions there was no causation between the event and the claim of a herniated thoracic disc.

◼ We review the factual determination of the absence of causation to determine whether the Commission could reasonably make the finding, *Page v. Green,* 758 S.W.2d 173, 175 (Mo.App.1988), when the evidence is approached in a light most favorable to the Commission. *Crum v. Sachs Electric,* 769 S.W.2d 131, 133 (Mo.App.1989). We will set aside an award only if there is no substantial and competent evidence to support it or if clearly contrary to overwhelming weight of the evidence. *Bird,* 761 S.W.2d at 747.

◼ The entire record confirms the Commission's findings that there was a substantial credibility issue in this case. Claimant's initial complaints to his employer involved only a chest injury. His subsequent complaints regarding a back injury were inconsistent. On some occasions he reported experiencing immediate pain and on others a pain that developed some weeks thereafter. On some occasions he denied a prior back injury, but on others acknowledged one and then two prior injuries. He claimed the current injury involved lifting a 40-pound item, on other occasions it weighed 20 pounds, and there was evidence that it weighed no more than 6.428 pounds. He once complained of pain in the upper back, but he told two doctors the pain was in the low lumbar region. He told a chiropractor the pain was in the entire spine. Finally, some medical treatments were not disclosed to other health care providers. A claimant cannot meet his burden of proof if his testimony describing a work-related accident and resulting injury is not believed.

It is, however, not clear the finding of no causal connection rests solely on a credibility issue and that the Commission rejected all testimony that claimant injured his back. Assuming, without concluding, that claimant sustained some injury to his back, the Commission affirmatively found no causation between the event and the claimed herniated thoracic disc. We conclude that finding is supported by the evidence. It is, therefore, not against the overwhelming weight of the evidence. *Richardson v. Falcon Products Inc.,* 739 S.W.2d 596, 597 (Mo.App.1987).

The employer offered the deposition testimony of Dr. Herbert E. Rosenbaum, a board-certified clinical neurologist. Dr. Rosenbaum saw claimant in October, 1989. At that time claimant's chief complaint was pain in the left chest and his history statement described an event of July 14, 1989, which caused chest pain. Dr. Rosenbaum next saw claimant on April 26, 1990, and heard complaints that there was pain in the mid-back area. The doctor found no clinical pattern to support a diagnosis claimant had a herniated thoracic disc. He believed a herniated disc in the location claimed would be extremely rare and unusual, and if present, would be generally associated with abnormalities not found with claimant. Dr. Rosenbaum concluded that the described activity at work on July 14, 1989, did not cause a thoracic herniated disc.

Claimant offered the deposition testimony of Dr. David G. Kennedy, a neurosurgeon. Dr. Kennedy's opinion of causation was based on claimant's history. However, the history Dr. Kennedy relied on was one of immediate severe pain after doing heavy lifting. Dr. Kennedy agreed that lifting 8- to 10-pound materials, at waist level, would not cause a T 11–12 herniated disc. Further, Dr. Kennedy assumed in rendering his causation opinion that there were no prior back injuries. The facts, when approached in a light most favorable to the award, did not support the assumptions: there was no immediate, severe pain; the lifting was not heavy; and claimant had prior back injuries.

◼ Claimant offered the live testimony of Dr. Raymond F. Cohen, D.O. Dr. Cohen is an osteopathic neurologist. He was not a surgeon and had no prior disc injury experi-

ence. He concluded there was a causal connection between the work event and the disc injury. For purposes of this opinion, we assume Dr. Cohen's testimony would have been sufficient to sustain an award for claimant, providing the Commission accepted as true the statement made by claimant to the doctor and recorded as claimant's history. However, sufficiency of the evidence to support a favorable award does not, by itself, constitute overwhelming weight of evidence where the burden of proof is on claimant. Our review is to determine whether the award is supported, not whether an opposing award could have been made. *Page,* 758 S.W.2d at 175.

We conclude the award which found no causal connection between the accident and the claimed back injury is supported by the evidence. First, because there is evidence to support a finding that claimant's statement of facts regarding the accident and injury was not credible. Second, there is expert testimony and documentary evidence to support a finding of no causation. Third, evidence of no causation was not contrary to the overwhelming weight of the evidence.

We affirm.

AHRENS, P.J., and SIMON, J., concur.