## Rawlings v. Workmen's Compensation Board.

(Decided March 2, 1920.)

### Appeal from Franklin Circuit. Court.

1. Attorney and Client—Fees—Workmen's Compensation Board—Right to Regulate.—Under section 4942 of the compensation act that may be found in volume 3, of the Kentucky Statutes, the compensation board has the power to. reduce the fee agreed to be paid by an employe to his attorney for representing him before the board, although the agreed fee may be within the statutory limit and it does not appear the employment was solicited.
2. Attorney and Client—Reduction of Fee—Appeal and Error.—An attorney whose fee has been reduced by the board may prosecute an appeal to the Circuit Court.

G. G. RAWLINGS for appellant.

CHARLES I. DAWSON, Attorney General, for, appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

G. G. Rawlings, an attorney at law, was employed, as appears from his petition in this case, by A. J. Maxwell and four other persons to represent them before the Workmen's Compensation Board in the adjustment of claims they had asserted against their respective employers under the Workmen's Compensation Act.

It further appears from his petition, that he had a written contract with each of the five employes, under which he was to receive a sum equal to 15% of the compensation that might be allowed them by the board; that he did represent these employes before the board and

each of them was allowed by the board a specified sum, but the board refused to approve or allow the contracts he had with the employes, and reduced in a substantial amount the compensation that each of them had agreed to pay him.

After the board refused to allow him his contract compensation, he brought this suit against the board in the Franklin circuit court, and after setting up the facts we have stated, asked that a writ of mandamus be issued against the board, commanding it to approve the contracts he had, and to allow him the compensation therein provided for.

The court sustained a general demurrer to his petition and declining to plead further the petition was dismissed and this appeal prosecuted.

If a suit for mandamus was the proper remedy it should have been brought against the members of the board and not against the "Workmen's Compensation Board." Montgomery County v. Menifee County, 93 Ky. 33; King v. Kentucky Board of Pharmacy, et al., 157 Ky. 52. But passing this as not so material, in the view we have of this case, the principal question is, has the board the right to review and reduce if it sees proper to do so, the contract compensation that an employe has agreed to pay the attorney who represents him before the board?

In the Workmen's Compensation Act that may be found in vol. 3, Kentucky Statutes, it is provided in section 4942, that:

"All fees of attorneys and physicians and charges of hospitals under this act shall be subject to the approval of the board. No attorney's fees shall be allowed or approved against any party or parties not represented by such attorney nor exceeding an amount equal to 15% of the first $1,000.00 or fraction thereof recovered, or 10% of the excess of such recovery, if any, over $1,000.00. The board may deny or reduce the attorney's fee upon proof of solicitation of employment."

For Rawlings, the argument is made that the board has no power to deny or reduce the contract compensation agreed to be paid an attorney, when it is within the statutory limit, unless there is evidence that he solicited the employment, and it does not appear in the petition that Rawlings did this. It is further urged that the board has no discretion to exercise and no duty to perform except to allow and approve the attorney's fee

when it does not exceed the amount prescribed by the statute, and therefore mandamus was the proper remedy to compel the board to perform a mere ministerial act.

Section 4942, as will be seen, is devoted to the subject of attorneys' fees, although there is a brief mention of charges for medical attention. So much however of this section as provides, that, "fees for physicians, charges for hospitals, shall be subject to the approval of the board," may be set to one side in construing the section with reference to attorneys' fees, because the subject of medical attention and hospital services is carefully dealt with in other sections. So reading it we find that section 4942, provides, that, "All fees of attorneys . . . under this act shall be subject to the approval of the board," and further that no fee shall be allowed exceeding the sums specified in the section, and also that the board may deny or reduce the fees if it appears that the employment was solicited. Our construction of this section is that the board in the exercise of a sound discretion and after a careful consideration and understanding of the facts and circumstances may reduce the contract compensation agreed to be paid an attorney, although it does not exceed the statutory amount or there be any evidence that the employment was solicited, and of course, if no contract was entered into between the attorney and the client, would likewise, have the power to fix the fee at a reasonable sum.

If the board should be denied this discretionary authority it would necessarily follow that no effect would be given to that part of the section, providing that attorneys' fees should be subject to the approval of the board. We think the legislature intended in this section: (1) To limit the fees that attorneys might have. (2) To give to the board the power to reduce the fee below the statutory limit, even when it was agreed to by contract; and (3) To deny altogether the fee if it should appear the employment was solicited. The whole purpose and intention of the act was to lodge large power and discretion in the board, except in cases where the powers were specifically described by the statute.

We are also of the opinion that the remedy of an attorney who feels himself aggrieved by the action of the board in allowing a smaller fee than he considers himself entitled to have, is by appeal from the action of the board to the circuit court.

We say this because, in sections 4935-4939, provision is made for an appeal from the finding of the board to the circuit court as well as to the Court of Appeals, and under section 4939, this appeal may be prosecuted by "any party in interest," who feels himself aggrieved by the action of the board. Clearly an attorney who represents an employe before the board is a "party in interest," as the amount of the fee is fixed by the board and paid by the employe by taking it out of his compensation, and we have no doubt that he has the same right of appeal from an adverse ruling of the board as would the employer or employe. Where a party has an adequate remedy by appeal it is well settled that mandamus will not lie. Shine, Judge v. Kentucky Central Railroad Co., 85 Ky. 177; Commonwealth v. Hughes, 174 Ky. 405.

It follows from what we have said that the petition did not state a good cause of action and the judgment of the lower court sustaining the general demurrer is affirmed.