## Vanderpool et al. v. Goose Creek Mining Co.

March 26, 1943.

C. A. Noble for appellants.

Howard & Mayo for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On July 9, 1940, the appellant, Harles Vanderpool, received injuries which it is conceded are permanent

and will totally disable him. The insurance carrier of his employer, the appellee, Goose Creek Mining Company, immediately caused him to be removed to a hospital in Huntington, West Virginia, and during a period of six weeks paid him the maximum compensation of $15 per week, to which he was entitled under the Workmen's Compensation Act. At the expiration of that period and after his return from the hospital, the insurance carrier requested him to sign what is referred to in the record as "Form SF4(9)," stating the date and nature of the injury and the average weekly wage, leaving blank the space in which was to be inserted the number of weeks for which compensation was to be paid. The form also contained this statement: "By signing this form the claimant does not concede that he will not be totally disabled."

Vanderpool refused to sign the form, and the insurance carrier, although it continued to issue the checks, refused to deliver them to him. Thereafter, Vanderpool employed his co-appellant, Courtney C. Wells, as his attorney, and on December 11, 1940, Wells filed with the Workmen's Compensation Board Vanderpool's application for an adjustment of his claim. On December 24, 1940, the insurance carrier again requested Vanderpool to sign the form referred to and accept the accrued weekly payments. Vanderpool again refused; and the accumulated checks were not delivered or the payments resumed until February 3, 1941, after Vanderpool, through his attorney, had moved the Board to set the case for hearing. This motion was resisted by the Company on the ground that on January 7th the action had been abated pursuant to the Company's motion that it "be permitted to pay compensation at the rate of $15.00 per week during total disability, for an indefinite number of weeks, or until such time as the same will be terminated in accordance with the Workmen's Compensation Act." On March 18, 1941, the Board sustained Vanderpool's motion to set the case for hearing, and thereafter numerous depositions were taken, the major portion of which were directed to Vanderpool's asserted right to recover the 15% additional compensation to which an injured employee is entitled under the provisions of KRS 342.165 (KS 4910) in the event it is shown that the accident was caused by the intentional failure of the employer to comply with statutory or law-

ful regulations relative to the installation or maintenance of safety appliances or methods. The Board awarded Vanderpool the maximum compensation of $15 per week for a period of 520 weeks, not exceeding $7,500 with interest from the due dates of the installments, but denied him the 15% penalty. Thereafter, Wells moved the Board to allow him an attorney's fee and to commute a sufficient number of the weekly payments to pay the same, in accordance with the affidavit of Vanderpool, attached to the motion, which set forth that he had employed Wells to prosecute the action, and agreed to pay him 15% of the first $1,000 and 10% of any amount in excess of $1,000 which might be recovered in the action. This motion was resisted by the Company on the ground that it had not disputed Vanderpool's right to the compensation awarded, and that although Vanderpool had agreed to the fee, it would be an imposition upon him to require him to pay it, since the attorney had not succeeded in recovering for Vanderpool more than he would have received in any event. The Board adopted the Company's view, and denied Wells a fee. The Circuit Court affirmed the order of the Board, and this appeal is the result.

We are unable to find any ground upon which the action of the Board could be sustained. It is true that KRS 342.320 (KS 4942) provides that attorneys' fees shall be subject to the approval of the Board and shall not exceed an amount equal to 15% of the first $1,000 recovered and 10% of the excess; but no power is conferred upon the Board to deny or reduce an attorney's fee, except "upon proof of solicitation of employment." The apparent conflict between the requirement that the fee be subject to the approval of the Board and the limitation upon the Board's right to deny or reduce it, can only be reconciled by interpreting the Statute to mean that while the Board may limit the attorney's compensation, notwithstanding his contract, to a reasonable amount, considering the time and effort required by the attorney in presenting and prosecuting his client's claim, together with the result achieved, it may not reduce such reasonable fee as so determined, or deny compensation altogether, except as a penalty upon the attorney for soliciting the employment. Certainly, there is nothing in the statute which authorizes the Board to deny an attorney a reasonable fee for preparing and prosecuting

his client's claim solely because the ultimate award did not exceed in amount what, presumably, the client would have received eventually had he not employed an attorney. If it should be conceded that the insurance carrier in the case at bar was within its rights in refusing to make further weekly payments until Vanderpool had signed Form SF4(9), and that Vanderpool would not have been prejudiced by so doing, the fact remains that Vanderpool was not a lawyer, and was well within his rights in employing an attorney to advise him and present his claim to the Board for adjudication. Moreover, he had the right to attempt to recover the 15% penalty, and while he did not succeed in recovering that penalty, he, at least, through the efforts of his attorney, secured an adjudication of his rights which placed the burden upon the Company of showing at any future time that he was not entitled to further compensation, and made it possible for him at any time prior to such a showing to collect the amounts due him by execution issued by the Circuit Court on the filing with that tribunal of a copy of the award. It may be that the insurance carrier was inspired by the highest motives, both in its handling of the case and in its resistance to the allowance of an attorney's fee; but the record contains nothing to indicate that Wells' actions were inspired by dissimilar motives. We therefore conclude that he was entitled to reasonable compensation for the time and effort expended by him, and reverse the case with directions to the Circuit Court to remand it to the Board for an allowance of such compensation.

Judgment reversed.