# Pope et al. v. Fayette Jellico Coal Co. et al. (two cases).

Jan. 15, 1946.

George R. Pope and Baker & Reams for appellants.

A. Joe Asher and H. H. Owens for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In these consolidated actions George R. Pope, an attorney, seeks to have declared void an order of the Workmen's Compensation Board entered August 15, 1944, setting aside an order of June 20, 1944, allowing him an attorney's fee of $800 in representing James Wilson in his claim against the Fayette Jellico Coal Company. In a subsequent order of September 5th, the Board fixed Mr. Pope's fee at $204.

While employed by the company Wilson sustained an injury for which he was allowed full compensation, subject to relief from payment of compensation so long as the company furnished Wilson suitable employment at a wage equal to maximum compensation. Early in 1944, the company appealed the Board's ruling to the Knox Circuit Court, where it was affirmed. The company was granted an appeal to this Court. On May 29th of that

year, and before the appeal was perfected, the company and Wilson filed an agreement with the Board which set forth that the latter had agreed to compromise his claim for $2,350 and his attorney's fee, and asked that the case be reopened and an order entered approving that settlement. Mr. Pope objected to the reopening of the case on the ground that he was not apprised of the agreement which the company and Wilson had entered into, and charged that it had been fraudulently made.

The oral testimony heard on the reopening of the case has not been brought before us, so we, as did the lower court, must presume that the Board had before it the evidence which warranted its action in reducing Mr. Pope's fee.

Mr. Pope earnestly contends that the order relating to the reduction of his fee is void, because the order of June 20th was a final order from which an appeal should have been perfected in 20 days if the company desired to resist it through court action. The position of the Board, however, which was upheld by the lower court, was that the order of June 20th was a premature one, and, in effect, a misprision, since there had been no final determination of Wilson's claim by reason of the fact that it had been asked to reopen the case. Thus it was restored jurisdiction and this court had no jurisdiction of the cause, since no appeal to us was ever perfected.

Under the circumstances, it is our view that the court, by virtue of KRS 342.125, had authority to take such action as it saw fit in the case.

The Board is given rather broad powers in determining attorney's fees under KRS 342.320. We gather from the final order entered by the Board on the question here involved that it found no basis whatever for the charge of fraud made by Mr. Pope relative to the compromise agreement between the company and Wilson; and, further, that it felt the evidence warranted the action taken. Furthermore, the order shows that it was the Board's view that Mr. Pope did not properly protect or attempt to protect the interests of his client. Reference is made to his encouragement of, or permitting the payment of, "an illegal, unconscionable amount for services of his notary." As heretofore indicated the evidence heard before the Board before the entry of

its final order was not taken before the lower court. That court, and we think properly so, took the view that it must be presumed that there was evidence of probative value sustaining the Board's action.

But, even if the evidence were here, the ultimate result would be the same, because, as heretofore indicated, the Board was reinvested with jurisdiction of the case by action of the parties. Therefore, any improper order which it entered in the cause thereafter would not have been void, as contended by Mr. Pope, but rather, merely erroneous. It follows, therefore, that any relief to which Mr. Pope may have been entitled would have been by appeal from the last order of the Board rather than by the filing of the consolidated actions now before us in the Knox Circuit Court wherein he sought to have declared void the order of August 15, 1944, setting aside the former order allowing him a fee of $800.

Under the circumstances, we think the judgment should be, and it is affirmed.

Judge Latimer not sitting.