John W. RYE et al., Appellants,

v.

George A. CONKWRIGHT et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1958.

Rehearing Denied April 25, 1958.

Harold G. Wells, Winchester, Smith & Shehan, Harlan, Redwine & Redwine, Winchester, for appellant.

C. W. Swinford, Stoll, Keenon & Park, Lexington, Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

The only question on this appeal is whether the amount of the attorney fee should have been determined under the statute as amended in 1956 or under the former statute. The employee and his attorney appeal from the judgment of the circuit court which affirmed the order of the Workmen's Compensation Board allowing the fee under the prior statute.

On July 26, 1954, John W. Rye, as the employee of George A. Conkwright, sustained an injury which was subsequently adjudged to be total and permanent. His claim was filed July 20, 1956. The claim was contested. Lay and medical proof was taken and briefs were submitted to the referee and full Board. The Board made its award on May 7, 1957.

Claimant's attorney filed his motion seeking an allowance of the maximum fee under KRS 342.320, as amended, effective August 1, 1956. This amendment permitted the allowance of a fee in an amount equal to 20% of the amount recovered. The former statute, Ky.St. § 4942, permitted a maximum fee of 15% on the first $1,000 and 10% on the balance of the amount recovered. The motion was treated by the Board "as a motion for the maximum amount", and as such was sustained. The fee allowed was $954.30. Appellants contend that the fee should have been $1,808.60.

Appellants contend that the 1956 amendment to the Workmen's Compensation Act concerning attorney fees was procedural and applied to all pending cases when it became effective. Appellees contend that the raise in the amount of attorney fees permitted was substantive and that an allowance of the fee claimed would be giving a retroactive effect to the statute and would violate and impair the contract existing between the parties.

The precise question presented here is before this Court for the first time. The same problem with a similar factual situation has been considered in Nebraska where a change in the statute concerning the attorney fee was held to be procedural. In Western Newspaper Union v. Dee, 108 Neb. 303, 187 N.W. 919, 920, it was held:

"* * * In a proceeding under the Workmen's Compensation Act the allowance of a reasonable attorney's fee in the district court affects the remedy only and may be taxed, as an item of costs, though the injury for which compensation is allowed occurred before the Legislature authorized such a fee. * * *"

This holding was approved in Solomon v. A. W. Farney, Inc., 136 Neb. 338, 286 N.W. 254. See also 50 Am.Jur., Statutes, Section 482, page 505. A change, by statute, abolishing the medical committee of physicians in silicosis cases made during the pendency of the case was upheld as procedural. General Refractories Co., Inc., v. Henderson, 313 Ky. 613, 232 S.W. 2d 846.

The Kentucky statute in effect prior to the 1956 change was construed in Vanderpool v. Goose Creek Mining Co., 293 Ky. 719, 170 S.W.2d 32, 34, to mean "that while the Board may limit the attorney's compensation, notwithstanding his contract, to a reasonable amount, considering the time and effort required by the attorney in presenting and prosecuting his client's claim, together with the result achieved, it may not reduce such reasonable fee as so determined, or deny compensation altogether, except as a penalty upon the attorney for soliciting the employment."

The 1956 amendment incorporated this construction. The former statute was also construed to mean that the Board could fix a reasonable fee in the absence of an agreement between claimant and attorney. Rawlings v. Workmen's Compensation Board, 187 Ky. 308, 218 S.W. 985. The fixing of an attorney's fee in a workmen's compensation case prior to the final determination of the claim is premature. Pope v. Fayette Jellico Coal Co., 301 Ky. 353, 192 S.W.2d 103.

The determination of the amount of the attorney fee is not a substantive matter but is done pursuant to the contractual liability to pay a fee for services rendered. The reasonableness of the fee can be determined only at the conclusion of the services. At that time, the liability has already been established and

the determination of amount is for the purpose of discharging that liability. The 1956 statute change concerning the amount is accordingly remedial or procedural. The Board was in error in failing to fix the fee at a sum equal in amount to 20% of the recovery since it had already determined that the attorney was entitled to the maximum fee allowable.

Judgment reversed for proceedings in conformity herewith.