CITATION COAL COMPANY, Appellant,

v.

Herbert LEWIS, Appellee.

Court of Appeals of Kentucky.

March 8, 1963.

--------

Armer H. Mahan, Louisville, for appellant.

A. E. Cornett, Hyden, for appellee.

CLAY, Commissioner.

In this workmen's compensation case the question presented is: what credit should be allowed the employer as the commuted value of lump sum payments of two attorneys' fees?

In 1957 the Board found the employee had sustained 33⅓ percent partial disability and awarded him $9 a week, not to exceed 400 weeks. An attorney's fee of $854.20 was allowed and it was paid in a lump sum. Under KRS 342.320, upon making this payment, the employer was entitled to a credit for the last 117.6 weekly payments which would become due.

In 1960 the Board found total and permanent disability and increased the award to $32 per week, not to exceed 425 weeks. An attorney's fee of $1545.20 was allowed and it was likewise paid in a lump sum.

The employer claims credit (that is, he should not be required to make any weekly payments) for the last 117.6 weeks under the first award, and the next to last 52.4 weeks under the second award, making a total of approximately 170 weeks. The trial court consolidated the two attorneys' fees, totalling $2400, and gave the employer credit for 85.4 weeks payments at $32 per week.

Under the employer's theory it would get credit for $5440 in compensation payments in return for paying attorney's fees totalling $2400. This on its face is absurd. It is not a permissible construction of the last sentence of KRS 342.150, which reads: "Upon payment of such lump sum all liability for the payments therein commuted shall cease."

In the quoted sentence the employer places emphasis upon the words "all liability", overlooking the fact that the only liability extinguished is that *for the payments therein commuted*. Thus the allowable credit of 117.6 weeks for thte first attorney's fee was at the rate of $9 per week. It did not remove those weeks from the calendar but simply absolved the employer from paying $9 for each of those weeks. When the award was raised to $32 per week it imposed on the employer a new liability to pay $23 for each of those weeks.

When considering a related problem in Thompson v. Harlan Wallins Coal Corp., Ky., 256 S.W.2d 10, we pointed out that an allowable credit for a particular week only has significance in terms of the amount awarded for that week. In the instant case the second award of $32 per week would thereafter be payable for the number of weeks remaining in the initial award and the additional 25 weeks provided in the second award, but credited with the payments commuted at $9 per week for the first attorney's fee.

While the solution adopted by the trial court approximated the same result, the court did not use this method and the em-

ployee admits error in the court's calculations. Since the employer is entitled to his credit of $9 a week for the last 117.6 weeks under the first award, the second attorney's fee should be commuted on the basis of the additional amount payable under the second award.

The judgment is reversed for consistent proceedings, with costs equally divided between the parties.