Willard HICKS, Appellant,

v.

GENERAL REFRACTORIES COMPANY,
Appellee.

*Court of Appeals of Kentucky.*

May 6, 1966.

Rehearing Denied Sept. 23, 1966.

Ora F. Duval, Olive Hill, for appellant.

Howard Vanantwerp, III, Vanantwerp & Vanantwerp, Ashland, for appellee.

WADDILL, Commissioner.

Appellant, Willard Hicks, seeks to reverse a judgment which approved the allowance of a discount of a lump sum commuted, from Hicks' prior award of workmen's compensation, for the payment of his attorney's fee.

The Workmen's Compensation Board awarded Hicks $13,600 against his employ-

er-appellee, General Refractories Company. Payment was at the rate of $32.00 per week for 425 weeks. Hicks' attorney asked the Board to approve his fee and to commute sufficient payments in a lump sum from Hicks' award. KRS 342.320. The Board awarded Hicks' attorney a fee of $2329.60, the payment of which was to be commuted from the final payments of Hicks' award.

General Refractories commuted sufficient payments to pay the $2329.60 attorney's fee, plus $614.40 as a 5% discount per annum. KRS 342.150. When General Refractories ceased making compenation payments to Hicks he brought this action to recover $614.40 as the balance owed him under the Board's award. The trial court decided the case against him.

Appellant contends that since KRS 342.-320(2) does not specifically authorize a discount of the amount to be commuted it indicates a legislative intent that no discount be allowed and that the provisions of KRS 342.150 allowing a 5% discount for commuting of a lump sum are not applicable to an attorney's fee. We do not agree.

■ The provisions of KRS 342.320(2) direct that the attorney's fee be paid as a lump sum and that the Board shall pay it directly to the attorney "commuting sufficient of the final payments of compensation" for that purpose. To "commute" is to "exchange" or "alter." Webster's Third International Dictionary. As used here we believe the word refers to an exchange of a series of greater, future payments for a lesser, immediate payment. See Bethlehem Steel Co. v. Jackson, 199 Md. 642, 87 A.2d 841, wherein the Maryland Court reached a similar conclusion. This is economically sound for under the award General Refractories was entitled to the use of the money until it was due and payable to Hicks. To require General Refractories to prepay a portion of Hicks' compensation award without the allowance of a discount would have the effect of increasing the amount of the award, without the benefit of legislative sanction, to the extent that the payment exceeded the present value of the future payments.

■ When Hicks hired his attorney to prosecute his claim before the Board he obligated himself to pay for the legal services rendered. Since he received an award from the Board, Hicks' financial obligation to his attorney was paid as a lump sum in accordance with KRS 342.320. Moreover, KRS 342.150 provides that a lump sum award be discounted at 5% per annum. If Hicks' award had been commuted to a lump sum and his attorney's fee then paid from such sum, the financial effect on Hicks would be the same as what actually occurred. The attorney's fee was commuted on behalf of Hicks and was properly discounted. Cf. Citation Coal Company v. Lewis, Ky., 365 S.W.2d 730, 731, involving the payment of an attorney's fee and tacitly approving a 5% discount of the award.

■ Our only criticism is that the Board did not compute the discount to be credited against the award but permitted General Refractories to do it. The statute requires the Board to make the commutation. Thus, if there were any objection by Hicks or his attorney it could be resolved before the Board. Commonwealth, Dept. of Highways v. Combs, Ky., 357 S.W.2d 316. However, the mathematical computation is not questioned in this appeal.

■ The opportunity for judicial review of the attorney's fee and the computation of the discount refutes Hicks' claim that KRS 342.320 is unconstitutionally arbitrary. We further observe in this connection that the election to operate under the provisions of the Workmen's Compensation Act is voluntary.

■ There is no merit to the contention that the total credit against Hicks' award contravenes KRS 342.320(2) because it exceeds 20% of his award. The attorney's fee may not exceed 20% of the award, but

by its nature this statutory limitation does not also apply to the credit allowed the employer. The amount of this credit is a purely mathematical computation.

The judgment is affirmed.