**Larry D. BEALE, Director, Division of Special Fund, Appellant,**

v.

**Johnny L. WRIGHT; Coal Branch Coal Company, Inc.; and Workers' Compensation Board, Appellees.**

**No. 90–SC–533–WC.**

Supreme Court of Kentucky.

Nov. 8, 1990.

Case Ordered Published by Supreme Court Dec. 18, 1990.

**320**

David Randall Allen, Louisville, for appellant.

R. Roland Case, Pikeville, for appellee Wright.

Benita J. Riley, Turner & Riley, P.S.C., Prestonsburg, for appellee Coal Branch Coal Co., Inc.

## MEMORANDUM OPINION OF THE COURT

In this workers' compensation case, the Workers' Compensation Board affirmed the order of the Administrative Law Judge (ALJ) denying the Special Fund a discount for the lump-sum payment of attorney fees pursuant to KRS 342.320(2)(c). On appeal to the Court of Appeals of Kentucky, the decision of the Board was affirmed. The Special Fund seeks review in this Court as a matter of right.

The claimant, the defendant-employer, and the Special Fund reached an Agreed Award as to claimant's occupational disease and injury claims. Claimant's counsel received approval of his request for attorney fees in the amount of $6,500.00, of which the Special Fund was to pay $4,000.00. Pursuant to KRS 342.320(2)(c), the method of payment selected by the claimant and approved by the ALJ, the Special Fund was directed to pay its portion of the attorney fee in a lump sum, and recover or obtain credit for payment of the fee by deducting same in equal install-

ments from the weekly benefits payable to claimant over the duration of the award.

The Special Fund informed claimant by letter that it would also deduct a lump-sum attorney fee discount in the amount of $603.75 in addition to the deduction for payment of the fee itself. Claimant's counsel then filed a Motion for Clarification disputing the discount deduction under KRS 342.320(2)(c). By order, the ALJ denied the Special Fund the discount for the payment of the attorney fee in a lump sum under subsection (c).

Prior to 1987, KRS 342.320(2) provided as follows:

"(2) No attorney's fee in any case involving benefits under this chapter shall be paid until the fee is approved by the board, and any contract for the payment of attorney's fees otherwise than is provided in this section shall be void. The entire attorney's fee in a lump sum shall be paid directly to the attorney of record, and the board in allowing or approving an attorney's fee, as provided in this section, shall order payment of same directly to the attorney, commuting sufficient of the final payments of compensation payable under the award to a lump sum for that purpose."

In 1966, this Court interpreted the word "commute" in this context as referring to an exchange of a series of greater, future payments for a lesser, immediate payment. *Hicks v. General Refractories Company,* Ky., 405 S.W.2d 734, 735 (1966). The Court concluded that commuting of funds for the purpose of paying an attorney fee, necessarily included the deduction of a discount from the claimant's award. The Court reached this conclusion by focusing upon KRS 342.150 which provides that future payments of compensation may be "commuted" to a lump sum and thus discounted to represent present value. By parity of reasoning, the Court found that when the Board similarly commutes future payments of compensation for the purpose of presently paying an attorney fee, a lump-sum payment discount is appropriate.

In 1987 the General Assembly revised KRS 342.320 by dividing Section 2 into

three subsections, (a)–(c), creating three methods by which to distribute attorney fees. Subsection (a) retains pre–1987 law. Subsection (b) provides that the claimant may pay the fee from personal funds. Subsection (c), the method of distribution elected in this case, provides as follows:

"(2)(c) The administrative law judge, upon request of the claimant, may order the payment of the attorney's fee in a lump sum directly to the attorney of record and deduct the attorney's fee from the weekly benefits payable to the claimant in equal installments over the duration of the award or until the attorney's fee has been paid."

While subsection (a) deducts the fee from claimant's final award payments, thereby cutting them off completely, subsection (c) permits equal deductions throughout the duration of the award payments. The legislature did not specifically categorize the method in subsection (c) as a commutation, which forms the crux of the problem in this case.

The Special Fund contends that it should not be necessary that the statute use the word "commute" for it to deduct a discount when the Special Fund is required to pay out presently part of a claimant's future benefits in order to pay an attorney fee. However, it is the word "commute" as used in KRS 342.320 and KRS 342.150 that formed the basis of the *Hicks* opinion justifying a lump-sum attorney fee discount. Regardless of the fact that future payments are being used to compensate the attorney under subsection (c), the legislature clearly set up a separate system of distribution, and the judiciary may not speculate as to the legislature's intentions.

As the Court of Appeals noted, it is within the province of the General Assembly to legislate, and we may not add words or meaning to a statute. By the 1987 legislative session, the 1966 judicial interpretation of "commute" was long-standing. The statute, on its face, is clear, and there exists no provision for an attorney fee lump-sum payment discount under KRS 342.320(2)(c). If a discount is warranted in that instance, it is left to the legislature to so provide.

The decision of the Court of Appeals is affirmed.

All concur.