Vonda L. HAMILTON and Kelsey E. Friend, Sr., D/B/A Kelsey E. Friend Law Firm, Appellants,

v.

DESPARADO FUELS, INC.; Vicki G. Newberg, Acting Director of Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

George W. JOHNSON and Kelsey E. Friend, Sr., D/B/A Kelsey E. Friend Law Firm, Appellants,

v.

SOUTHEAST COAL COMPANY; Miners' Self–Insurance Fund; Vicki G. Newberg, Acting Director of Special Fund; Walter Turner, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

Tommy J. MAY and Kelsey E. Friend, Sr., D/B/A Kelsey E. Friend Law Firm, Appellants,

v.

EASTERN COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Walter Turner, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

Carl FITCH and Kelsey E. Friend, Sr., D/B/A Kelsey E. Friend Law Firm, Appellants,

v.

SANDY FORK COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Thomas A. Dockter, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

Jerrell W. MARCUM and Kelsey E. Friend, Sr., D/B/A Kelsey E. Friend Law Firm, Appellants,

v.

BIG BOTTOM COAL COMPANY, INC.; Vicki G. Newberg, Acting Director of Special Fund; Ronald W. May, Adminis-

trative Law Judge; and Workers' Compensation Board, Appellees,

and

R. Roland CASE and Randy Cantrell, Appellants,

v.

SUNSET COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 93–SC–484–WC, 93–SC–478–WC, 93–SC–481–WC, 93–SC–482–WC, 93–SC–483–WC, 93–SC–472–WC.

Supreme Court of Kentucky.

Dec. 22, 1993.

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellants Friend and Hamilton, Johnson, May, Fitch, and Marcum.

Ralph Roland Case, Pikeville, for appellants Case and Cantrell.

William J. Baird, Pikeville, for appellees Desparado Fuels, Inc.; Eastern Coal Co.; Big Bottom Coal Co.

Cathy Utley Costelle, Joel D. Zakem, Judith K. Bartholomew, Peter J. Naake, Angeline B. Golden, David Randall Allen, John E. Stephenson, R. Scott Summers, Labor Cabinet, Special Fund, Louisville, for appellee Newberg.

Gene Smallwood, Jr., Whitesburg, for appellee Southeast Coal Co.

John F. Faust, Jr., Tommie L. Weatherly, London, for appellee Sandy Fork Coal Co.

Bennett Clark, Lexington, for appellee Sunset Coal Co.

## OPINION OF THE COURT

These cases concern whether the 1990 amendment to KRS 342.320, which removed the $6,500 cap on attorney's fees for workers' compensation cases, applies to those attorney's fees awarded after its effective date for services relative to claims for injuries which occurred before its effective date. There is also a question of whether the employer or the Special Fund has standing to contest an award of attorney's fees.

In each of these appeals the injury upon which the claim was based occurred before July 13, 1990, the effective date of the 1990 amendment. Each claim, except that in *Case and Cantrell v. Sunset,* was filed and the representation undertaken before the effective date of the 1990 amendment. In each instance, except *Case and Cantrell v. Sunset* where a $25,000 fee was awarded, the Administrative Law Judge (ALJ) ruled that the 1990 amendment did not apply and awarded an attorney's fee in the amount of $6,500.

The Workers' Compensation Board (Board) determined that the 1990 amendment was not remedial and that the attorney's fee allowed by KRS 342.320 on the date of the injury controlled. *Case and Cantrell v. Sunset* was, therefore, reversed and the other cases affirmed. In *Case and Cantrell v. Sunset,* the Board also ruled that, because the worker had elected to have the attorney's fee paid pursuant to KRS 342.320(2)(c), the employer, like the Special Fund, was aggrieved by the ALJ's decision and, therefore, had standing to contest the manner in which the ALJ applied KRS 342.320. See *Beale v. Wright,* Ky., 801 S.W.2d 319 (1990). The Court of Appeals affirmed, and we affirm.

In an apparent attempt to protect the financial interests of injured workers, the legislature has chosen to regulate matters concerning the legal fees that may be charged for assisting such workers in the pursuit of their claims for compensation benefits. KRS 342.320(1) provides that all attorney's fees are subject to the approval of the ALJ, who is charged with awarding a reasonable attorney's fee that may not exceed certain prescribed percentages of the worker's recovery. From June 21, 1974, until July 13, 1990, a $6,500 limitation also was imposed on awards of attorney's fees. KRS 342.320(2), which was enacted in 1964 and which remains a part of the statute, provides that: " ... any contract for the payment of attorney's fees otherwise than as provided in this section shall be void." The question herein is whether the 1990 amendment, which removed the $6,500 fee cap, applies to all claims pending as of its effective date.

■ Appellant Friend asserts that pursuant to the decision in *Rye v. Conkwright,* Ky., 311 S.W.2d 796 (1958), an amendment changing the amount of an attorney's fee is a

procedural or remedial matter and, therefore, applies to all claims pending on its effective date, regardless of whether the underlying injury predated the amendment. Appellant Case asserts that because the legal representation was undertaken after the effective date of the 1990 amendment, the amendment should apply regardless of the fact that the injury predated the effective date of the amendment.

. In *Rye, supra*, the employer challenged the application of a 1956 amendment which increased the maximum allowable attorney's fee. The court determined that the amount of an attorney's fee was not a substantive matter but was determined pursuant to contractual liability between the worker and his attorney. The court then ruled that the 1956 amendment was procedural, as the amount of compensation the employer would have to pay was not affected by the increase. We note that the opinion in that case did not address the interests of the injured worker and was rendered prior to this Court's decision in *Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974) and prior to the 1964 amendment to KRS 342.320(2).

We do not believe that *Rye, supra*, applies under the current state of the law. The attorney's fee authorized by KRS 342.320, like the benefit provisions, is part of an interdependent legislative scheme. Pursuant to this Court's decision in *Maggard, supra*, the rights and obligations of the parties regarding allowable benefits are fixed as of the date of the injury. Therefore, a worker may not benefit from a post-injury increase in benefits. As well as regulating the types and amounts of benefits an injured worker may receive, the legislature also has seen fit to regulate both the award of attorney's fees and contracts regarding the payment of attorney's fees. We note that, regardless of the method by which the fee is paid, it is the worker who actually pays the attorney's fee and who, therefore, has an interest in paying a fee no greater than that authorized at the time his rights to benefits were fixed. Accordingly, we believe that what constitutes an authorized attorney's fee for prosecuting a claim for those particular benefits also should be determined by the law in effect on the date of the injury. A contract that provides otherwise is void. KRS 342.320(2).

■ KRS 446.080(1) provides that statutes are to be liberally construed in order to promote their objectives and the legislative intent, and KRS 446.080(3) provides that no statute is to be applied retroactively absent an express legislative directive. In *Peach v. 21 Brands Distillery*, Ky.App., 580 S.W.2d 235 (1979), the court emphasized that the rule against the retroactive application of statutes should be strictly construed. Particularly where a statute creates new rights or duties, it should be presumed that the legislature intended for the statute's application to be prospective only. The 1990 amendment to KRS 342.320(1) exposes injured workers to liability for substantially greater attorney's fees in relation to the size of their awards than was authorized at the time the maximum amount of the award was fixed. We find no indication, whatever, that the legislature intended for the 1990 amendment to KRS 342.320 to apply retrospectively to awards of attorney's fees relative to injuries which occurred before its effective date.

■ In *Case and Cantrell v. Sunset*, both the employer and the Special Fund asserted to the Board that they had standing to contest the ALJ's application of the 1990 amendment. We agree with the Board and the Court of Appeals that, because the worker had elected to have the attorney's fees deducted from his award pursuant to KRS 342.320(2)(c), the employer, as well as the Special Fund, had standing to appeal the ALJ's award. See *Beale v. Wright*, Ky., 801 S.W.2d 319 (1990). Because the Special Fund did not assert to the Board that it had standing in any of the other appeals herein, we shall refrain from addressing the issue further.

The decision of the Court of Appeals in each of the foregoing appeals is hereby affirmed. *Case & Cantrell v. Sunset* is hereby remanded to the ALJ for the entry of an award of attorney's fees that is consistent with this opinion.

STEPHENS, C.J., and LAMBERT, REYNOLDS, SPAIN, and WINTERSHEIMER, JJ., concur.

STUMBO, J., not sitting.

LEIBSON, J., dissents as he believes an attorney's fee should be determined by the law in effect on the date the representation is undertaken.