RENDERED: MARCH 23, 2017
TO BE PUBLISHED

Supreme Court of Kentucky

2016-SC-000383-WC

FINAL

DATE 4/13/17 Kim Redmon, DC

MARGIE MULLINS                                                    APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                      CASE NO. 2015-CA-00814-WC
WORKERS' COMPENSATION BOARD NO. 13-WC-98656


LEGGETT & PLATT,                                                 APPELLEES
HONORABLE ROBERT L. SWISHER, ADMINISTRATIVE
LAW JUDGE AND
WORKER'S COMPENSATION BOARD


**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**


**AFFIRMING**

The Chief Administrative Law Judge approved Margie Mullins's

settlement of her workers' compensation claim for weekly permanent-partial

disability benefits and her election to accelerate the payment of her attorney's

fee to a lump-sum amount. Indisputably, the lump-sum attorney's fee payment

reduced Mullins's weekly benefit amount pro-rata. But in calculating Mullins's

weekly benefits remaining after deduction of the attorney's fee, the employer's

workers' compensation insurance carrier applied a multiplier reflecting the

future periodic payment of the attorney's fee commuted to a present value. The

CALJ overruled Mullins's objection to this calculation, and the Workers'

Compensation Board and the Court of Appeals upheld the CALJ's ruling. We

affirm because we conclude that the Board and the Court of Appeals correctly determined that the plain text of the Workers' Compensation Statutes and regulations promulgated under those statutes contemplate the ability to deduct present-value discounts for lump-sum payments effectuated by discounting future benefits.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Margie Mullins sustained a workplace injury during the course of her employment with Leggett & Platt. Through counsel, Mullins decided to settle her workers' compensation claim after negotiating with Leggett & Platt's insurance carrier, CCMSI. She then entered into a Form 110 Agreement as to Compensation, which was approved by the CALJ. The settlement award included permanent-partial disability benefits awarded at a weekly rate of $218.89 per week for a period of 425 weeks.

Following approval of the settlement, Mullins moved the CALJ for attorney's fee. Her motion was sustained and counsel was awarded $9,401.41 in fees. In her Form 109 Attorney Fee Election, Mullins elected to have this lump sum paid by Leggett and CCMSI in a single payment with her weekly benefits to be reduced pro-rata. According to Mullins, dividing the $9,401.41 by the 373 remaining weeks yields a $25.20 reduction per week, meaning that she anticipated her reduced weekly rate would then be $193.69.

But CCMSI indicated that her reduced weekly benefits were actually $191.36. Instead of simply dividing the fees by the remaining weeks, CCMSI calculated that based on the Workers' Compensation statute and related

2

administrative regulations, her reduced benefits must recoup the present-day value of the lump-sum attorney's fee to account for the time-value of money. Mullins filed a Motion for Determination, disputing CCMSI's calculation and claiming that it was not authorized to take this additional discount. She claims that this $2.33 per week reduction, which totals $869.09 in sum, allowed CCMSI unilaterally to take extra money from her benefits without ALJ approval, to perform the calculation itself, and thereby breach the terms of the settlement agreement.

The CALJ[1] deniel her motion. He ruled that the statutory text and accompanying administrative regulations supported CCMSI's calculation. The Board affirmed the CALJ's ruling. Mullins then appealed to the Court of Appeals, which also affirmed the CALJ. She now appeals to this Court.

## II. ANALYSIS.

### A. KRS 342.320 Authorizes the Discount.

Mullins primarily argues that the Workers' Compensation Act does not authorize attorney-fee discounts when benefits are paid periodically. Kentucky Revised Statutes (KRS) 342.320 provides that a claimant is responsible for the payment of his or her attorney's fees.[2] The statute then offers the following instructions to paying those fees:

---

[1] It should be noted that in the period between granting attorneys' fees and Mullins's motion, a new CALJ took office.

[2] KRS 342.320(2)(a) ("...This fee shall be paid *by the employee* from the proceeds of the award or settlement.).

3

4) Except when the attorney's fee is to be paid by the employer or carrier, the attorney's fees shall be paid in one of the following ways:
   a. The employee may pay the attorney's fee out of his or her personal funds or from the proceeds of a lump sum settlement; or
   b. The administrative law judge, upon request of the employee, may order the payment of the attorney's fee in a lump sum directly to the attorney of record and deduct the attorney's fee from the weekly benefits payable to the employee in equal installments over the duration of the award or until the attorney's fee has been paid, commuting sufficient sums to pay the fee.[3]

It should first be noted that although Leggett & Platt, through CCMSI, physically pays the lump-sum fee, Mullins is the one actually paying the attorney. Mullins is responsible for compensating the attorney either out of her own pocket or by seeking an advancement of her future weekly benefit payments in order to offer immediate compensation to her attorney. And KRS 342.320(4)(b) simply offers her a mechanism to advance her payments.

But more critical to her claim, Mullins argues that the strictures of KRS 342.320 do not allow CCMSI to consider the present value of future periodic payments when calculating her reduced weekly benefit. Both the Court of Appeals and the Board determined that the use of the phrase "commuting sufficient sums to pay the fee" authorizes this present-value discount. Mullins argues this imputes a meaning the word cannot bear. Instead, she contends that this language is simply synonymous with an "exchange" or "alteration." So according to Mullins, the statute merely states that her weekly benefits may be

---

[3] KRS 342.420(4).

4

altered to pay the fee and does not specifically permit workers' compensation insurers to discount the present value. She is mistaken.

Though it is indeed true that the term *commute* may mean to "exchange" or to "alter" as Mullins claims, we must review the plain meaning of the text in light of its context. To be sure, *commute* in another context could mean "to travel back and forth regularly (as between a suburb and a city)."[4] Here, KRS 342.320 contemplates the payment of attorney fees and KRS 342.320(4)(b) authorizes the commutation of sums to pay the fee. Based on this particular context, the term *commutation of payments* best reflects the overall purpose of this provision in light of the whole act. And this term bears its own meaning in this context. A *commutation of payments* means "A substitution of lump-sum compensation for periodic payments. The lump sum is equal to the present value of future periodic payments."[5] So it appears that, in this context, the statute is in fact contemplating a present-value discount of a lump-sum payment made through deductions from future periodic payments. And this makes sense. Applying this principle recognizes the time-value of money and the truism that a dollar paid today is worth more than a dollar paid tomorrow.

In addition to what appears to be the plain meaning of the text, we have a long history of affirming that meaning in this context. In *Hicks v. General Refractories Co.*, we recognized that the definition of *commute* in this context allows employers or carriers to deduct more than the nominal attorney-fee

---

[4] Merriam-Webster's Collegiate Dictionary (10th ed. 2002).

[5] Black's Law Dictionary (10th ed. 2014).

figure; it allows them to account for the present day value of the sum.[6] Indeed, in *Hicks* we declared that "To require General Refractories to prepay a portion of Hicks's compensation award without the allowance of a discount would have the effect of increasing the value of the award, without the benefit of legislative sanction, to the extent that the payment exceeded the present value of future payments."[7] Though financial principles underlying the value of money may be undoubtedly tricky, the *Hicks* court unlocked the important policy reasons the legislature included the word *commute*. Without discounting the present value of a lump-sum payment, workers' compensation claimants are in actuality receiving a *greater* benefit than that authorized by the ALJ.

The importance of this particular language is highlighted by subsequent decisions reflecting statutory changes throughout the course of the Workers' Compensation Act's history. In 1987, the General Assembly removed the term *commute* from the strictures of KRS 342.320. In *Beale v. Wright*, we were asked to interpret this textual change.[8] We held that since the statute no longer contained the word *commute*, the present-value-attorney-fee discount was no longer applicable.

In 1996, the legislature amended KRS 342.320 again to include language that the fee may be deducted from the weekly benefits payable to the claimant in equal installments "commuting sufficient sums to pay the fee." It thus re-

---

[6] 405 S.W.2d 734, 735 (Ky. 1966).

[7] *Id.*

[8] 801 S.W.3d 319 (Ky. 1990).

adopted the term we interpreted in *Hicks* that is consistent with its legal contextual definition. We conclude that the Board and the Court of Appeals correctly determined that the plain text of the statute clearly includes the ability to deduct present-value discounts for lump-sum payments effectuated by discounting future benefits. Now we turn to CCMSI's calculation in the present case.

## B. CCMSI Used the Correct Formula.

In calculating Mullins's reduced weekly benefits, CCMSI followed the formula found in 803 KAR 25:075, Section 1. This administrative regulation exists to assist employers or insurance carriers making lump-sum attorney-fee payments. This entails the following formula:

(1) Employer weeks awarded – weeks paid = remaining weeks.
(2) R weeks = P weeks (present worth).
(3) EMP % Attorney fee/P weeks = Y rate.
(4) R weeks x Y rate = employer attorney fee discount.
(5) EMP attorney fee and discount – EMP attorney fee = EMP discount.
(6) Weekly rate – Y rate = Employer reduced rate.

This appears also expressly to contemplate an attorney-fee discount or reduction greater than the actual nominal amount of the fee sought because the payment is made in a lump sum. CCMSI reached its calculated reduced benefit by employing this formula:

1. 425 week award period – 52 weeks already paid = 373 remaining weeks.
2. 373 remaining weeks = 341.4748 present-day weeks (per the 2014 Present Worth Table published by the Department of Workers' Claims)
3. $9,401.41 attorney fee/341.4748 present-day weeks = $27.53 reduction per week

7

4. $218.89 weekly settlement rate - $27.53 per week reduction = **$191.36** reduced weekly rate.

But Mullins takes further issue with this formula. She theorizes that 803 KAR 25:075 only applies to claims involving the Special Fund as a party and because the Special Fund no longer exists, the formula is inapplicable. This entire argument is founded upon reference to the Special Fund in another section of the regulation. We agree with the courts below that there is no special significance to this reference, and this does not change the meaning of Section 1—the formula CCMSI used—as an unrelated textual bystander. If our analysis depended on an examination of Section 2, the presence of language referencing the Special Fund would no doubt be puzzling. Fortunately, we do not face that problem today.

And for her final argument, Mullins contends that CCMSI is powerless to make this calculation unilaterally and reduce her benefits itself. She contends that the terms of her Form 110 Agreement completely control and the text appearing in the four corners of the document does not authorize the present-value discount. So she believes that CCMSI's calculating the discount on its own amounts to a contractual breach. This contention quickly falls flat because there is no reference to attorney's fees at all in the agreement. As Leggett & Platt correctly highlight, the payment of attorney's fees, and the concomitant present-value discount, are dictates of law. Mullins duty to pay attorney fees approved by the ALJ is a statutory duty.

Because Mullins has failed to establish that CCMSI acted contrary to law or failed to reduce correctly her weekly benefits, we hold her issues here have no merit.

### III.     CONCLUSION.

For the reasons stated above, we hereby affirm the Court of Appeals' ruling.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Frank Jenkins III
Frank Jenkins Law Office


COUNSEL FOR APPELLEE: LEGGETT & PLATT

Frederick Allon Bailey
Patrick Joseph Murphy II
Casey, Bailey & Maines, PLLC