**Richard T. MARTIN and Daniel T. Albers, Appellants,**

v.

**LOUISVILLE FREE PUBLIC LIBRARY; Vicki G. Newberg, Acting Director of Special Fund; Hon. Denis S. Kline, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 92–CA–2033–WC.

Court of Appeals of Kentucky.

June 4, 1993.

Daniel T. Albers, Kelly and Albers, Louisville, for appellants.

Rita E. Williams, David R. Allen, Cathy Utley Costelle, Labor Cabinet, Louisville, for appellees.

Before JOHNSON, McDONALD and STUMBO, JJ.

McDONALD, Judge:

This appeal challenges the propriety of an opinion of the Workers' Compensation Board limiting the award of attorney's fees in this case to $3,250.00. We have rendered this date an opinion in *Hamilton v. Desparado Fuels, Inc.*, Ky.App., —— S.W.2d —— (1993), in which we held that the date of injury is the critical date for purposes of establishing a statutory entitlement to attorney's fees. However, we are convinced that this rule is not appropriate in cases which have been reopened.

■ A brief background of the history of the attorney fee statute may be helpful in understanding our decision that the 1988 amendment to KRS 342.320 is remedial in nature but the July 13, 1990 amendment to that statute is not. Prior to January 4, 1988, there was no specific legislative authorization for payment of an attorney fee in cases which have been successfully reopened. At that time the maximum authorized fee in workers' compensation cases was $6,500.00 and, had that amount been earned in prosecuting the original claim, no additional fee for representing the claimant in a reopening proceeding was allowed. As Senator Edward O'Daniel, Jr., stated in his book, *1987 Workers' Compensation Law*, "[n]eedless to say, under the prior law, virtually no claims were reopened." In order to remedy this situation, the legislature amended KRS 342.320 to authorize payment of a 20% attorney's fee upon successful reopening, not to exceed $3,250.00, regardless of whether the maximum fee had been expended in the original proceeding. Thus, we concur in the board's assessment that the 1988 amendment was remedial, the purpose of which was to encourage attorneys who otherwise would not have done so to represent claimants in reopening proceedings by giving the attorney an economic incentive.

However, this reasoning does not apply to the July 13, 1990 amendment to KRS 342.320. In our opinion, the board's analysis of the distinction between the two amendments as set out in the following quotation is entirely correct:

On the other hand, with regard to the 1990 removal of the cap on attorney's fees, we are not blessed with a legislative history or explanation for the amendment. However, unlike the situation described by Senator O'Daniel under prior law, we can readily observe that between 1988 and 1990 there was no shortage of attorneys willing to file new or reopened claims, even though their fees were limited by the statute. Statistically, the number of workers' compensation claims (including reopenings) filed with this Department has increased steadily between 1988 and 1990. We are not immune to the fact that attorney advertising prior to the 1990 amendment confirmed the availability of eager representation. Thus, this Board concludes that the 1990 amendment to KRS 342.320 was not intended to serve a "remedial" purpose. The statute expresses no reason to extend its benefit to past transactions, and we find that to allow retroactive awards of the higher attorney fee would impair the *vested rights* of the claimant herein. At the time Martin hired an attorney and reopened his claim, the law dictated that the maximum he would have to pay for legal services was $3,250.00.

We are therefore convinced that in reopened cases the law in effect at the time an agreement for representation is reached limits the amount of fee which the attorney can receive on the reopened claim. As the motion to reopen this claim was filed on May 27, 1988, the statute as it existed prior to July 13, 1990, controls.

The opinion of the Workers' Compensation Board is affirmed.

All concur.