William Douglas NAPIER and Kelsey Friend, Sr., d/b/a Kelsey E. Friend Law Firm, Appellants,

v.

SCOTIA COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

David E. DEAN and Kelsey E. Friend, Sr., d/b/a Kelsey E. Friend Law Firm, Appellants,

v.

BIG BOTTOM COAL COMPANY, INC.; Vicki G. Newberg, Acting Director of Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 93–SC–479–WC, 93–SC–480–WC.

Supreme Court of Kentucky.

Dec. 22, 1993.

As Modified on Denial of Rehearing March 24, 1994.

Case Ordered Published March 24, 1994.

Robert J. Green, Kelsey E. Friend Law Firm, Pikeville, for appellants.

Paul E. Jones, Pikeville, for appellee Big Bottom Coal Co.

Ralph D. Carter, Alison Wells Hylton, Hazard, for appellee Scotia Coal Co.

Angeline B. Golden, Joel D. Zakem, Judith K. Bartholomew, Peter J. Naake, Labor Cab-

inet—Sp. Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

These appeals concern whether the Administrative Law Judge (ALJ) erred in refusing to apply the 1990 amendment to KRS 342.-320(6)(b), which was effective July 13, 1990, and which removed the $3,250 cap on attorney's fees in reopening proceedings. They also concern the applicability of the 1988 amendment to KRS 342.320(6)(b) which was effective January 4, 1988, and which authorized an attorney's fee for a reopening in an amount not to exceed either $3,250 or 20% of any additional recovery.

In 1991 both of the claimants herein were awarded permanent, total disability benefits pursuant to the reopening of their claims. In *Napier* the attorney sought a fee in the amount of $27,298.78, and in *Dean* the same attorney sought a fee in the amount of $24,-649.39. In each instance the ALJ awarded an attorney's fee in the amount of $3,250 pursuant to the 1988 amendment to KRS 342.320(6)(b). The attorney's petition for reconsideration in each case was denied. Both ALJs stated their belief that the attorney was entitled to a fee no greater than was provided for by KRS 342.320 at the time the representation was undertaken. In *Dean,* the motion to reopen was filed on February 23, 1990, after the effective date of the 1988 amendment but before the effective date of the 1990 amendment. However, in *Napier,* the motion to reopen was filed on November 6, 1987, before the effective date of the 1988 amendment. In each case the ALJ's decision was affirmed by the Workers' Compensation Board (Board) and the Court of Appeals.

As a preliminary matter, the Special Fund asserts that because the outcome of these cases will determine whether it is required to advance its share of a $3,250 attorney's fee or its share of a substantially greater attorney's fee, it is in a position to be aggrieved by the outcome. Appellant Friend asserts, and the record confirms, that the Special Fund denied having standing below. He also asserts that no vested right of the Special Fund is affected; therefore, the Special Fund lacks standing to challenge an award of attorney's fees. Because the Special Fund failed to assert standing before the Board, we shall refrain from addressing the issue further.

In *Martin v. Louisville Public Library,* Ky.App., 854 S.W.2d 790 (1993), a case in which the motion to reopen was filed and the representation was undertaken between the effective dates of the 1988 and 1990 amendments, the attorney had argued, as here, that the 1990 amendment applied since the reopening was pending on its effective date. The Court of Appeals held that the 1990 amendment to KRS 342.320(6)(b) was not remedial and had no retrospective application. The Court of Appeals cited, with approval, the Board's analysis of the distinction between that amendment and the 1988 amendment, which clearly was remedial because it was enacted to encourage attorneys to undertake the representation of injured workers in reopening their claims. In determining which amendment applied on these facts, the Court of Appeals concluded that, in keeping with the legislative purpose, "the law in effect at the time an agreement for representation is reached limits the amount of fee which the attorney can receive on the reopened claim." *Id.* at 791. In *Martin,* the 1988 amendment applied.

In authorizing an attorney's fee for the reopening of a claim, and, thereby, encouraging attorneys to undertake such representation, the legislature sought to better enable injured workers to exercise their rights pursuant to KRS 342.125, clearly a remedial purpose. See O'Daniel, *1987 Workers' Compensation Law,* p. 8. These circumstances present an exception to the rule set forth in *Hamilton and Friend v. Desparado Fuels, Inc.,* 868 S.W.2d 95, rendered by this Court December 22, 1993, whereby the law in effect on the date of the worker's injury controls the attorney's fee authorized for prosecuting a claim pursuant to that injury. As stated by this Court in *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33 (1991), citing 73 Am. Jur.2d *Statutes,* § 354 (1974), a remedial statute must be construed in order to effect the purpose for which it was enacted. However, such construction does not require that the statute be applied retrospectively to all motions to reopen that were pending on its

effective date. We believe that the approach taken by the Court of Appeals in *Martin, supra,* accomplishes the purpose of the legislature in enacting the 1988 amendment to KRS 342.320(6)(b) and protects the rights of both the worker and the attorney by fixing those rights as of the date the agreement for representation is reached. The Court of Appeals' approach does not apply the 1988 amendment to cases in which the representation was undertaken before the effective date of the amendment, cases in which the representation presumably was not undertaken as a result of the amendment.

In summary, we hold that the 1988 amendment to KRS 342.320(6)(b) was remedial. Therefore, it applies not only prospectively to those claims that arose after its effective date, but also retrospectively, to the extent that it applies to those claims that arose before its effective date in which the representation on a motion to reopen was undertaken on or after its effective date. The 1990 amendment to KRS 342.320(6)(b) was not remedial. Therefore, it applies only to attorney fees for the reopening of claims that arose on or after its effective date.

In *Dean,* the filing date of the motion to reopen evidences the fact that the representation was undertaken after the date of the 1988 amendment but before the effective date of the 1990 amendment. Therefore, the 1990 amendment does not apply, and the decision of the Court of Appeals is hereby affirmed. The maximum authorized attorney's fee was $3,250.

In *Napier,* the motion to reopen was filed and obviously, then, the representation was undertaken before the effective date of the 1988 amendment. In view of that fact and the Court of Appeals' decision in *Martin, supra,* neither the 1990 nor the 1988 amendment applies. Therefore, the decision of the Court of Appeals in *Napier* is reversed to the extent that the Court of Appeals erroneously applied the 1988 amendment to these facts. Accordingly, that case is remanded to the ALJ for proceedings that are consistent with this opinion.

All concur.

STUMBO, J., not sitting.