Daniel F. DOTSON, As Attorney for Floyd Jent; and Floyd Jent, Appellants,

v.

SOUTHERN HILLS COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Denis S. Kline, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–736–WC.

Supreme Court of Kentucky.

April 20, 1995.

Daniel F. Dotson, Whitesburg, for appellants.

Rodney E. Buttermore, Jr., Harlan, for appellee Southern Hills Coal Co.

Judith K. Bartholomew, Peter J. Naake, Labor Cabinet—Special Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

Claimant was injured at work on August 10, 1988, and was awarded a 50% permanent, partial occupational disability benefit on June 21, 1990. His attorney was awarded a fee in the amount of $6,500.00.

Claimant retained the same counsel again, on July 10, 1990, in order to move to reopen the claim upon an allegation of an increase in his occupational disability. The motion to reopen was filed on August 6, 1991. Thereafter, claimant settled with the employer for

a lump sum of $50,000.00, and the attorney was awarded a fee of $7,250.00. The claim against the Special Fund proceeded to adjudication, and claimant was found to be 100% disabled. Accordingly, the attorney moved for a fee in the amount of $11,296.89, a sum that was based on the 1990 amendment to KRS 342.320.

The Administrative Law Judge (ALJ) overruled the attorney's motion in an order which stated, in part, as follows:

> In reviewing this file, it appears that an attorney fee in the amount of $7,250.00 was approved following the Plaintiff's unilateral settlement with the Defendant/employer. It appears that this Order was entered in error, as, pursuant to KRS 342.320 as it read as of the date of the injury, August 10, 1988, the attorney fee should have been limited to $6,500.00.
>
> The Plaintiff has now requested an additional attorney fee in the amount of $11,-296.89. Since the total maximum fee has already been paid, the Plaintiff's Motion for an additional fee is OVERRULED.

Claimant and his attorney petitioned for reconsideration, alleging that August 6, 1991, the date upon which the motion to reopen was filed, determined the applicable version of KRS 342.320 and the authorized attorney fee.

The Workers' Compensation Board (Board) affirmed the ALJ's decision insofar as any additional fee had been overruled, reversed the order permitting an attorney fee of $6,500.00, and remanded the case for the entry of an order limiting the attorney fee for reopening the claim to $3,250.00. *Martin v. Louisville Free Public Library*, Ky.App., 854 S.W.2d 790 (1993).

Claimant and the attorney then appealed to the Court of Appeals, asserting that the Board had misinterpreted the decision in *Martin.* They argued that the date upon which the motion to reopen was filed should control the allowable attorney fee rather than the date upon which the representation was undertaken. However, the Court of Appeals agreed with the Board that, because the representation on the motion to reopen was undertaken before the effective date of the

1990 amendment to KRS 342.320, the pre-1990 version of the statute controlled.

In *Napier v. Scotia Coal Co.*, Ky., 874 S.W.2d 377 (1994), this Court addressed the application of the 1988 and 1990 amendments to KRS 342.320. *See also Hamilton v. Desparado Fuels, Inc.*, Ky., 868 S.W.2d 95 (1993). Prior to 1988, no attorney fee was authorized for reopening a workers' compensation claim. The 1988 amendment to KRS 342.320 authorized an attorney fee for a reopening, in an amount not to exceed either $3,250.00 or 20% of any additional recovery. The 1990 amendment removed the $3,250.00 cap on an attorney fee. In *Napier*, we agreed with the *Martin* court to the extent that the 1988 amendment was remedial; whereas, the 1990 amendment was not. We summarized our holding in *Napier* as follows:

> [T]he 1988 amendment to KRS 342.320(6)(b) was remedial. Therefore, it applies not only prospectively to those claims that arose after its effective date, but also retrospectively, to the extent that it applies to those claims that arose before its effective date in which the representation on a motion to reopen was undertaken on or after its effective date. The 1990 amendment to KRS 342.320(6)(b) was not remedial. Therefore, it applies only to attorney fees for the reopening of claims that arose on or after its effective date.

*Id.* at 379.

 As a general rule, it is the date on which the claim arose, *i.e.*, the date of the injury, which controls the allowable attorney fee both for the original claim and for a reopening. In *Napier*, we determined that the 1988 amendment to KRS 342.320 was remedial because it encouraged attorneys to undertake the representation of injured workers for the purpose of reopening their claims. Therefore, we concluded that, in order to accomplish the amendment's remedial purpose, the amendment must be applied not only to claims which arose after its effective date but also to claims which arose before its effective date in which the representation on a motion to reopen was undertaken after its effective date. For that reason, it is only when applying *Napier* to a case in which the injury occurred before the effective date of

the 1988 amendment that it is necessary to consider the date upon which the representation was undertaken. If representation on the motion to reopen was undertaken after the effective date of the 1988 amendment and, therefore, could have been induced by the amendment, the 1988 amendment applies. Likewise, if the representation was undertaken before the effective date of the 1988 amendment, it could not have been induced by the amendment; therefore, the 1988 amendment does not apply.

█ Claimant has asserted that the 1990 amendment applies to this case, and the case has been litigated upon the question of whether it is the date of representation or the date of filing the motion to reopen which controls the allowable attorney fee. Claimant cites the opinion in *Martin v. Louisville Public Library*, Ky.App., 854 S.W.2d 790 (1993), as supporting his assertion that it is the filing date which should control the allowable attorney's fee, an assertion that is contrary to the express holding of the case. Claimant ignores that the date upon which a motion to reopen is filed by counsel demonstrates that the claim arose and the representation was undertaken no later than that date. In *Martin*, both events occurred before the effective date of the 1990 amendment. Furthermore, the representation was undertaken after the effective date of the 1988 amendment. Therefore, because the Court of Appeals determined that the 1990 amendment was not remedial and had no retrospective application and regardless of the date upon which the underlying claim arose, the 1988 amendment controlled. On those facts, the same result would have occurred pursuant to *Napier*, albeit for a somewhat different reason.

The opinion in *Martin* contains a statement that it is the date of representation which controls the allowable attorney fee for a reopening. *Id.* at 791. However, regardless of that language, the appeal, in fact, turned upon the legal conclusion that the 1990 amendment to KRS 342.320 was not remedial and did not apply retrospectively. We agreed with that conclusion in *Napier*. The difference between the decisions in *Martin* and in *Napier* lies in the date from which

it is determined that application of the 1990 amendment to a particular case is prospective rather than retrospective. In *Napier*, we held that the date upon which the underlying claim arose (not the date of representation on the motion to reopen) determines whether the 1990 amendment applies to the allowable attorney fee. *Id.* at 379. Because the date of filing in *Martin* demonstrated that the claim arose before 1990, the outcome on those facts was not affected. *Napier* would require a result different from that contemplated in *Martin* only in those instances where the claim arose before the effective date of the 1990 amendment but representation on a motion to reopen was undertaken after the effective date of the amendment. In those instances, *Napier* requires that the pre–1990 law be applied.

When the holding in *Napier* is applied to the facts herein, it is apparent that the 1988 amendment applies. The 1988 amendment became effective on January 4, 1988, and was the version of the statute which was effective on the date of claimant's injury; therefore, it applies to the initial claim as well as to the reopening of that claim. Even had claimant's injury occurred before the effective date of the 1988 amendment, the fact that representation on the motion to reopen was not undertaken until after the effective date of the amendment would have allowed for an attorney's fee of up to $3,250.00. Because we determined in *Napier* that the 1990 amendment to 342.320 was not remedial, the amendment would not apply to this claim or to any other claim that arose before its effective date.

We conclude that the maximum attorney fee authorized for reopening this claim was $3,250.00. Accordingly, the result reached by the Court of Appeals is hereby affirmed, and the case is remanded to the ALJ for the entry of an order that conforms with this opinion.

All concur.