Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,

v.

Jeffrey Allan LANE; John J. Helmers; Owensboro Coal Docks, Inc.; and Workers' Compensation Board, Appellees.

No. 95–SC–63–WC.

Supreme Court of Kentucky.

April 25, 1996.

**56**

David R. Allen, Louisville, for Appellant.

John H. Helmers, Owensboro, Peter Glauber, Louisville, for Appellees.

GRAVES, Justice.

The claimant Jeffrey Allan Lane ("Lane") filed his original workers' compensation claim in September 1987 for an accident which occurred on January 1, 1987. In an award entered on June 9, 1989, he was found fifty percent occupationally disabled.

Lane moved to reopen his claim on March 27, 1992. His attorney, Honorable John H. Helmers ("Helmers") began working on the reopening in 1991. The motion to reopen was sustained, and by an order entered on April 26, 1993, Lane was found totally occupationally disabled. The new award will yield increased benefits over Lane's projected life of $425,185.15.

Attorney Helmers filed a motion and affidavit for award of an attorneys' fee in the sum of $26,014.42. The Administrative Law Judge awarded an attorneys' fee of $6,500. Helmers appealed naming Lane as co-appellant. On appeal to the Board by Lane and Helmers, the Board concluded that Helmers is entitled to have his fee determined pursuant to KRS 342.320 as amended effective July 13, 1990, so as to lift the dollar limitation cap. The Court of Appeals affirmed the award. We reverse.

Prior to 1988, the statute contained no specific authorization for payment of any attorneys' fee upon successful reopening of a workers' compensation claim. If the then maximum fee of $6,500 had already been paid in the original proceeding, there was no authority for awarding any additional fee.

On October 26, 1987, legislation was passed which permitted an attorney fee upon reopening in the amount of $3,250. Effective July 13, 1990, KRS 342.320 was again modified in which there was no cap on attorneys' fees.

■ The application of the holding of *Napier v. Scotia Coal Co.*, Ky., 874 S.W.2d 377 (1993), limits Helmers to a fee of $3,250. In *Napier* we stated:

> In summary, we hold that the 1988 amendment to KRS 342.320(6)(b) was remedial. Therefore, it applies not only prospectively to those claims that arose after its effective date, but also retrospectively, to the extent that it applies to those claims that arose before its effective date in which the representation on a motion to reopen was undertaken on or after its effective date. The 1990 amendment to KRS 342.320(6)(b) was not remedial. Therefore, it applies only to attorney fees for the reopening of claims that arose on or after its effective date. [*Id.* at 379].

■ In any claim where the injury occurred prior to July 13, 1990, no attorneys' fee is authorized upon reopening if the attorney/client relationship was formed prior to January 4, 1988, but a fee up to $3,250 is authorized upon reopening if the attorney/client relationship was formed thereafter.

Moreover, in *Dotson v. Southern Hills Coal Co.*, Ky., 896 S.W.2d 610 (1995), we affirmed that it is the date of injury which controls the allowable attorney fee both for original claim and for reopening.

■ Of the $26,014.42 attorneys' fee, $13,007.21 is now payable by the Special Fund.

Had the correct law been followed, the Special Fund's part of the fee would have been $1,625. By being ordered to advance its share of a substantially greater attorneys' fee, the Special Fund has lost the use of $11,382.21 in operational funds. For the reasons set forth in *Windchy v. Friend,* Ky., 920 S.W.2d 57 (1996) decided this date, we hold the Special Fund has standing to contest the award of an attorney fee that exceeds the statutory maximum.

The opinion of the Court of Appeals is reversed and this matter is remanded to the Board for proceedings consistent with this opinion.

STEPHENS, C.J., and GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

BAKER, J., not sitting.